Birch v. Walworth.

Opinion delivered July 9, 1906.

Tax sales—record of delinquent lands—certificate.—Under Kirby's Digest, § 7086, requiring the county clerk to record the list of delinquent lands with a notice and certificate stating in what paper said list was published, the date of publication, and for what length of time the same was published, failure of the clerk to record such list with notice and certificate before the day of sale avoids all sales made by the collector on that day. *Hunt v. Gardner,* 74 Ark. 583, followed.

Appeal from Desha Chancery Court; *Marcus L. Hawkins,* Chancellor; affirmed.

Suit by Sarah Walworth and others against T. W. Birch and others to quiet title. Defendants relied upon a tax title. Decree was for plaintiffs, and defendants have appealed.

*J. W. Dickinson,* for appellants.

*Baldy Vinson,* for appellees.

1. A charge of $13.72 as taxes, penalty and costs imposed upon country property assessed at $300 is excessive. 56 Ark. 93; 61 Ark. 36.

2. There is no proof of publication of the list of delinquent lands, as required by statute. Kirby's Digest, § 7086; 65 Ark. 218; *Ib.* 595.

HILL, C. J. Appellants rely upon a tax title based on a tax sale of June 11, 1894. It was attacked, *inter alia,* for failure of the clerk to make the certificate required by section 7086, Kirby's Digest. The certificate found in the transcript complies with the certificate therein first mentioned, but the second certificate, the one to be at the foot of the record, stating in what newspaper published, etc., is not there found. In another connection a certificate containing the substance of this requirement is found, but it is dated 13th of June, 1894, and that is fatal. *Hunt* v. *Gardner,* 74 Ark. 583, covers the point entirely.

Appellants claim that appellees do not show an interest in the land at time of sale, and hence are not qualified to attack the tax title. The evidence of this title is record except as to two deeds, and their existence and the inability of appellees to produce them were proved by parol evidence. The evidence is not at all strong nor satisfactory; but doubtless the best attainable under the circumstances, and, in the absence of any countervailing evidence, is sufficient to sustain the chancellor's finding. Other questions are presented, but, as these are decisive of the case, it is unnecessary to discuss them.

Judgment affirmed.