FRANK KENDALL LUMBER COMPANY *v.* SMITH.

Opinion delivered July 6, 1908.

1. TAX SALE—UNAUTHORIZED REDEMPTION.—One who redeems land from a tax sale, when he has no right, title or interest in the land, acquires no title. (Page 363.)

2. SAME—RECORD OF DELINQUENT TAX SALES.—A tax sale is void where the county clerk failed to make a certified record before the day of sale of the list of lands and notice of sale, as required by Kirby's Digest, § 7086. (Page 363.)

Appeal from Grant Chancery Court; *Alphonso Curl*, Chancellor; affirmed.

*N. T. White* and *Ben. J. Altheimer,* for appellant.

I. If appellant had any interest in the property, it had the right to redeem. "Almost any right, whether in law or equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance on the lands, amounts to such an ownership as will entitle the party holding it to redeem the lands from tax sales." 39 Ark. 580; 42 Ark. 215; 74 Ark. 572; Kirby's Digest, § 7098. See, also, 74 Ark. 39.

2. Being an action to remove cloud from title, appellee must show such title as would entitle him to recover in an action of ejectment,—must recover upon the strength of his own title, and not upon the weakness of his adversary's. 47 Ark. 215; *Id.* 413; 76 Ark. 447; 77 Ark. 338; 74 Ark. 386.

3. The tax sale was void for failure of the clerk to certify at the foot of the record in what newspaper the list was pub-

lshed, etc.   Kirby's Digest, § 7086; 55 Ark. 218; 74 Ark. 583; 68 Ark. 248.   And for failure to keep a record as provided by section 7092, Kirby's Digest.   61 Ark. 36.

4.   Recognizing the principle that where relief is sought against actions performed under a mistake of facts the party seeking relief must return or offer to return all that he obtained before relief will be granted, appellee offered to return the money paid for redemption of the land from tax sale.   The court erred in refusing to permit him to return the money, and at the same time permitting him to retain all his rights under the tax purchase.   17 Ark. 603; 33 Ark. 151; 53 Ark. 16; 59 Ark. 259; 62 Ark. 277; 60 Ark. 837.   Appellee, having had full opportunity to ascertain the facts, is not entitled to relief on the ground of mistake.   20 Am. & Eng. Enc. of L. 813; 47 Ark. 335.

Appellee *pro se.*

1.   The burden of proof rests upon one who seeks to redeem land from a tax sale to sustain his own claim of title.   76 Ark. 551.   The person redeeming must have some title.   A mere stranger cannot redeem.   25 Am. & Eng. Enc. of L. (1 Ed.), 413; 36 S. C. 60; 65 Miss. 516; 58 Miss. 752.

2.   By redeeming appellee admitted the regularity and validity of the tax sale, and cannot afterwards question it.   71 Ark. 121.

3.   Appellant having no right or title to the land, appellee was not put upon inquiry, and was not estopped or bound by any act of appellant.

4.   The certificate of purchase was *prima facie* evidence of the regularity of the delinquent tax sale.   Kirby's Digest, § 7104.

BATTLE, J.   J. S. Smith, complaining of the defendants, Frank Kendall Lumber Company, Daniel J. Taylor, as county clerk of Grant County, in this State, W. J. Rushing, as county treasurer of the same county, states in his complaint:   "That the N. E. ¼ of N. W. ¼ of section 19 in township 6 S., R. 11 W., which is unimproved land situate in said county, was placed on the tax books for the year 1903 for the taxes  of 1878 to 1903, and by the collector of said county returned delinquent for same, together with the penalty thereon, and was by the said collector on the 15th day of June, 1904, after the same having been ad-

vertised by the clerk, as required by law, sold to the plaintiff for the taxes, penalty and costs charged against same, amounting to $25.45, and a certificate of purchase was issued to him by said collector.  *  *  *  *  *

"That afterwards, on April 23, 1906, the defendant, Frank Kendall Lumber Company, filed in the recorder's office of said county a deed from Mary Crossett to it for the above described lands, except that in said deed the name of the county and State in which same is situated is not given, dated April 20, 1906,  *  *  *  *  and on said April 23, 1906, applied to and did redeem same by paying to the said county treasurer the sum of $34.32, which amount was paid over to plaintiff on June 11, 1906.

"That said Mary F. Crossett had no interest nor title in said land, and that said deed conveyed no interest to said defendant Lumber Company, and that it had no right to redeem said tract of land from said tax sale, and that said redemption was a fraud upon said plaintiff.

"Plaintiff further states that he was not aware that said defendant Lumber Company had no title to said land when he accepted said redemption money, and that, upon learning the status of affairs, he offered to return same to said treasurer, together with any interest that might be due thereon, which offer was by said treasurer refused.  *  *  .*

"The plaintiff is willing to return said redemption money, either to the treasurer or to the defendant Lumber Company, together with any interest that may be due thereon, and hereby tenders same, payable as may be ordered by this court.

"The plaintiff is entitled to tax deed from said clerk for said land under said tax purchase, and has tendered to him the legal fee for making same, which has been by him refused.  *  *

"Wherefore  *  *  plaintiff prays that said deed from Mary Crossett to the Frank Kendall Lumber Company be cancelled, set aside and held for naught, as a cloud upon plaintiff's title to said land; that the clerk be ordered and directed to make, execute and deliver to plaintiff a good and sufficient tax deed for said land, and that plaintiff be allowed to return to said treasurer of said Lumber Company the amount of redemption money erroneously drawn by him," etc.

An amendment was made to the complaint, which is not material.

The defendant Lumber Company answered and admitted that the land was sold for taxes and purchased by plaintiff, and alleged that the sale was void for the following among other reasons:

"That the clerk before the day of sale had failed to attach his certificate to the delinquent list, showing in what newspaper and for what length of time the delinquent list was published, previous to the day of sale as required by section 7086, Kirby's Digest, and that the clerk failed to keep posted in his office such delinquent list for one year."

It admitted that it purchased the lands from Mary F. Crossett, and that within two years from the date of sale for taxes it redeemed the same by paying to the county treasurer all taxes, penalty and costs legally imposed upon the same, which was duly accepted by the plaintiff, who, before accepting the redemption money, knew, or by the exercise of reasonable care could have known, its title to the land, and denied that it committed any fraud upon plaintiff in redeeming the land.

The defendant Lumber Company demurred to the complaint, which the court overruled, and, after hearing the evidence, dismissed the action, and the Lumber Company appealed.

The grantor of appellant had no right, title or interest in the land in controversy, and it acquired none. The tax sale to the appellee was void because the clerk did not record the list of delinquent lands and notice of sale thereof, nor certify at the foot of the record, "stating in what newspaper said list was published, and the date of publication, and for what length of time the same was published before the second Monday in June then ensuing. Kirby's Digest, § 7086; *Martin* v. *Allard*, 55 Ark. 218; *Cooper* v. *Freeman Lumber Co.*, 61 Ark. 36; *Logan* v. *Eastern Arkansas Land Co.*, 68 Ark. 248; *Osceola Land Co.* v. *Chicago Mill & Lumber Co.*, 84 Ark. 8; *Earle Improvement Co.* v. *Chatfield*, 81 Ark. 296; *Taylor* v. *State*, 65 Ark. 595; *Birch* v. *Walworth*, 79 Ark. 580; *Hunt* v. *Gardner*, 74 Ark. 583; *Magness* v. *Harris*, 80 Ark. 583. Appellant insists that appellee is barred by the redemption and refuses to accept

the return of the money thereby paid. There is no evidence that he accepted the same through mistake, and he has not appealed. Neither party has any interest in the land.

Decree affirmed.