## CRAIG v. HEDGES.

### Opinion delivered April 26, 1909.

1.  QUIETING TITLE—LACHES.—A suit to remove a cloud upon a title will be barred by laches where for twenty years before the suit was brought the plaintiff and his grantors had asserted no title to the land and paid no taxes thereon, during which time the lands had become greatly enhanced in value.   (Page 434.)

2.  LACHES—PERIOD OF TIME REQUIRED.—In the absence of supervening equities amounting to estoppel, a suit to remove a tax title as a cloud on plaintiff's land will not be barred by laches unless the

period of inactivity on part of plaintiff and his grantors has run for full seven years from the time defendant received his tax deed. (Page 435.)

Appeal from Ashley Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

*Robert E. Craig, pro se.*

1. The legal status of the parties and the property involved was fixed when this suit was brought, September 13, 1898. 57 Ark. 231; 40 Am. St. Rep. (Ky.) 184. The *lis pendens* statute of March 7, 1903, Kirby's Digest, § 5149, has no application to the questions involved in this suit; and the pendency of the suit precluded the acquirement of title, under the seven year statute of 1899, by payment of taxes after the suit was brought.

2. No laches is shown. The testimony as to actual sales of lands in the immediate neighborhood up to the time suit was brought shows no enhancement in value. 75 Ark. 197.

3. A tax deed which is void on its face is not such a cloud on title as to enable the true owner to maintain a suit to remove it. 30 Ark. 579. And payment of taxes on wild lands without a title which could be attacked as a cloud, and where there has been no interference with possession, will not ripen into title. 70 Ark. 256.

*George W. Norman,* for appellees and cross appellants.

1. The testimony shows that no summons was ever issued for any of the defendants named in the Nordlinger complaint until 1905, and it was not a valid *lis pendens* against them until that date. 62 Ark. 406. There was no *lis pendens* as to appelless George Norman, trustee, J. C. Norman and W. E. Barnes until the filing of the so-called "amendments" to complaints, which were in fact new suits, in 1907. Evidence of enhanced values was admissible to these respective dates.

2. This is a suit to quiet title, and appellant must recover, if at all, on the strength of his own title, and not upon the weakness of that of his adversaries, and the burden is upon him to prove title. 82 Ark. 294. If the Nordlingers by abandonment and laches lost title prior to their sale to him, he cannot say that the tax sales were void. 84 Ark. 1.

3. When appellees, Blank, Parker and Frank Barnes, answered, alleging the sale by the Nordlingers to the substituted

plaintiff, the complaint should have been dismissed. 96 N. E. 389. Being defendant in the first complaint and never dismissed as such, appellant could not be substituted as plaintiff, thereby becoming both plaintiff and defendant in the same suit.

4. As to all the parties, appellees and cross-appellants, appellant and the Nordlingers are barred by the statute of limitations, laches and abandonment. 81 Ark. 352.

*George W. Norman* and *Ratcliffe, Fletcher & Ratcliffe,* for appellee Hedges.

The claim that Hedges's deed is "void on its face, the land not having sold for anything," cannot be maintained. The recitals of the deed were sufficient to show an expressed consideration, and the failure to set out in so many dollars the consideration does not render it void. 2 Johns. (N. Y.) 230; 67 Cal. 536; 7 Kan. 17; 8 Pick. (Mass.) 239; 35 Ind. 170; 74 N. C. 593; 109 Ga. 241; Devlin on Deeds, 2d Ed., § 809; War. on Vendors, 2d Ed., § 94; 55 Pa. St. 504. And the chancellor's finding as to the amount is conclusive. The deed, though informal, was sufficient to enable Hedges to acquire title by adverse possession or by payment of taxes for seven years. 77 Ark. 324; 79 Ark. 364; 83 Ark. 196. Extraneous testimony to show the consideration was competent. Wigmore on Ev., § 2433; 82 Ark. 492; 75 Ark. 89; 111 U. S. 722; 112 U. S. 423.

*Robert E. Craig,* in reply.

1. When Hedges and Craig compromised with the Nordlingers and purchased the tracts of land claimed by them, the suit was dismissed as to these tracts, and no reason then existed why Craig should not buy the Nordlinger title and be substituted as plaintiff. Kirby's Dig., § 6001.

2. The agreed statement of facts settles, first, that appellant holds title by valid conveyances from the entrymen, and, second, that the "overdue tax sale" was void.

3. The record evidence is conclusive that all the requirements of law were complied with in reference to issuing warning order for non-resident defendants and the issuing of summons for the resident defendants at the filing of the original complaint, September 13, 1898. It was a valid *lis pendens* from that date. Kirby's Dig., § 6033. An action is commenced when

:a complaint is filed and defendant enters appearance, or summons is issued. 10 Ark. 479; 36 Ark. 217; 57 Ark. 229; 57 Ark. 459; :8 Ark. 313.

4. The Hedges deed was void on its face, not only because no consideration in dollars is expressed, but also because of the four common defects running through all the tax sales, viz: the clerk kept no separate books of lands sold to individuals and to the State; his certificate of publication of notice was made *after* the sale; delinquent list and notice of sale was not published two full weeks before sale; and the land were sold for more taxes, penalty and costs than were due.

McCULLOCH, C. J. On September 13, 1898, Sarah Nordlinger and others, plaintiffs, who were originally the owners, under mesne conveyance from the United States government, of the lands in controversy, instituted suit in chancery court of Ashley County against numerous defendants, including appellees, to quiet their title, alleging that said defendants claimed title to the lands under various instruments purporting to be tax deeds, which were void, but constituted clouds on the title of the true owners. A warning order was issued and published against certain of the defendants, who were non-residents, but who do not appear to have had any interest in nor made any claim to the lands in controversy, and they have passed out of the case. The clerk's docket shows an indorsement thereon to the effect that summons was issued for the resident defendants, but none of the writs appear in the record, and there is no proof that any summons was ever served on the resident defendants. On the contrary, there is evidence to the effect that writs of summon were never delivered to the sheriffs of the counties where appellees resided, and the appellees all testified that they were never served with process until the year 1905, when new writs were issued. It may be treated as settled by the proof that appellees were not summoned in the case until 1905.

Appellant Craig succeeded to the interest of said plaintiffs by deed executed in 1903, and in 1907 he was substituted as plaintiff by proper order of the court. The court rendered a final decree at the May term, 1908, dismissing the complaint as to the defendants, Hedges, Blanks, G. W. Norman, trustee, and Parker, and appellant brought the case here by appeal.

The prayer of the complaint was granted, and plaintiff's title quieted as to the lands held by defendants, J. C. Norman and F. A. Barnes, and one tract held by W. E. Barnes, and they have cross-appealed.

The chancellor held that the tax deeds under which appellees claimed title were void, but that neither appellant nor his grantors had paid the taxes on the lands since the year 1878; that the lands in the meantime had become greatly enhanced in value, and that appellant was barred by laches from asking relief in a court of equity. The chancellor held that the suit was properly commenced on September 13, 1898, and excluded all proof as to enhancement of values after that time. It is earnestly contended by appellant in his own behalf that the proof is insufficient to show any substantial enhancement of value prior to the year 1898. Numerous witnesses testified pro and con on this question, and the record is quite voluminous. It is somewhat difficult to determine precisely, in view of the great mass of testimony on the subject, where the preponderance lies; but after a careful consideration of the record we are unable to discover a preponderance against the findings of the chancellor, and therefore it becomes our duty not to disturb them.

The fact is established that appellant and his grantors, who originally owned the lands, completely abandoned them and asserted no title thereto nor paid any taxes thereon for a period of more than ten years before the complaint was filed in 1898. In the meantime, the lands became greatly enhanced in value—some of the witnesses say as much as fourfold. This conduct on the part of appellant's grantors constituted such laches as barred their right to assert title in a court of equity and to ask a court of equity for relief. *Turner* v. *Burke,* 81 Ark. 352; *Osceola Land Co.* v. *Henderson,* 81 Ark. 432.

It is unnecessary to pass upon the question of whether the chancellor was correct in holding that the suit was properly instituted in 1898, and that the evidence of enhancement of value after that time should be excluded. It is unnecessary to do so, since we hold that the findings to the effect that there had been great enhancement of value up to 1898 should be sustained.

Cross-appellants, Norman, F. A. Barnes and W. E. Barnes,

insist that a decree should also have been entered in their favor, but we find that the record presents an altogether different question of fact concerning their claim of title to the land. J. C. Norman claims title under a tax deed executed in 1903 for the taxes of 1900. Appellant, Craig, has paid taxes on the land since 1902, and Norman was brought into the case in the year 1907. The tax deed was void for reasons shown, and it is clear that appellant's claim for equitable relief is not barred by laches.

F. A. Barnes claims under a void tax sale made June 11, 1898, for the taxes of 1897; and he paid the taxes up to the year 1902, and appellant paid them after that time. It is clear that appellant's claim was not barred by laches, and the chancellor was correct in so holding.

The tract as to which the decree was in favor of appellant against W. E. Barnes is claimed by the latter under a tax purchase in 1898, and he paid the taxes until 1904. Appellant paid from that time on to the present. As the period of inactivity on the part of appellant and his grantors did not run for full seven years from the time Barnes purchased at the tax sale and received his deed, and other supervening equities amounting to an estoppel being absent, there is no such laches as would bar appellant's right to recover the land. *Earle Improvement Co.* v. *Chatfield,* 81 Ark. 296; *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 154.

We conclude that the decree of the chancellor was correct upon the whole case, and that the same should be affirmed, both on the appeal and the cross-appeal. It is so ordered.