## BLANK v. HUDDLESTON.

### Opinion delivered December 20, 1909.

1. EVIDENCE—SECONDARY EVIDENCE.—Certified copies of deeds are admissible in evidence upon proof of loss of the original instruments. (Page 300.)

2. LACHES—UNREASONABLE DELAY IN SUING.—Where plaintiffs waited 43 years before asserting any claim to wild and unoccupied land left by their ancestor, and until the land had become greatly enhanced in

value, and defendants claimed the land under deeds 25 years old, and had paid taxes for that period of time, it will be held that plaintiffs are barred by laches. (Page 300.)

3.   APPEAL AND ERROR—REHEARING—MATTER OVERLOOKED.—Matter over-
looked by the court on the original hearing cannot be brought up on petition for rehearing when attention was not called to it in the original abstract and brief. (Page 300.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*H. A. Parker* and *W. N. Carpenter,* for appellants.

Proof that the deeds and papers were lost during the war was sufficient to introduce copies. 76 Ark. 400.

McCULLOCH, C. J. Plaintiffs (appellants) instituted this action in the chancery court of Arkansas County to quiet their title to two contiguous tracts of wild and unoccupied lands situated in said county, and to cancel as clouds on their title certain deeds of conveyance under which the defendant claims title. The original complaint, filed in 1904, included only one of the tracts, and the other tract was brought into the action by an amendment to the complaint filed in September, 1904. Plaintiffs claim as heirs at law of one Jacob S. Blank, who owned the land and died intestate in the year 1861. They allege that defendant is claiming title to the land under a deed from Chas. Blank and wife, dated April 8, 1899, and also under deeds from R. S. Russell, dated July 12, 1879, and from Jesse Russell dated.......... 1883. They alleged that the defendant and his grantors have paid taxes on the land, and offered to refund same.

Defendant filed his answer, in which he denies that the plaintiffs are the owners of the land, and alleges that he, defendant, is the owner thereof under the conveyances set forth in the complaint. He alleges also that he and those under whom he claims title have paid taxes on the land since the year 1883, and he pleads, as a defense, laches on the part of plaintiffs in not earlier asserting title to the land. Proof was introduced establishing the fact that plaintiffs are the heirs at law of Jacob S. Blank, and that Chas. L. Blank is not an heir of Jacob S. Blank. The defendant proved that the land had no market value, practically, twenty years before this time, but that the value had materially increased within the past four or five years, and had risen to

$12 or $15 per acre, and that defendant paid $11.50 per acre for it.

When the case came on for trial, defendant asked for a continuance, in order to take further proof, which motion the court overruled. But the court excluded certified copies of the patent and deed under which the plaintiffs claim title, on the ground that the loss of the originals had not been established, and rendered a decree dismissing the complaint for want of equity. Plaintiffs appealed.

The evidence was, we think, sufficient to establish the loss of the original patent and deed, and the court erred in excluding the certified copies. *Carpenter* v. *Dressler,* 76 Ark. 400. But we are of the opinion that upon the pleadings and proof the decree is correct and should be affirmed, though the ground upon which the chancellor based it is erroneous. Plaintiffs' cause of action in equity is barred by their own laches. Their ancestor died in 1861, and they never asserted any claim to the land until the year 1904, when they commenced the present action. Meanwhile defendant and those under whom he held had claimed title under deeds running as far back as 1879, and had paid taxes on the land, and the same had become greatly enhanced in value. This is sufficient to bar plaintiff's claim. *Turner* v. *Burke,* 81 Ark. 352; *Osceola Land Co.* v. *Henderson,* 81 Ark. 432; *Craig* v. *Hedges,* 90 Ark. 430.

The only excuse they give for their failure to earlier assert their claim is that "through financial loss care of property was neglected." This excuse is not sufficient to relieve plaintiffs from the consequences of their negligent failure, under the circumstances in this case, to assert their claim to the land until after so great a lapse of time.

Decree affirmed.

ON REHEARING.

Opinion delivered January 31, 1910.

McCULLOCH, C. J. Appellants now insist that we erred in saying in the former opinion that appellee claimed title to both tracts of land under deeds running as far back as 1879 and 1883, and they urge that, according to the record in this case, appellee's

color of title to one tract runs back only to the deed from Chas. Blank to Ingram in 1899, which was about five years before the commencement of this action. If we made an error in this respect, it was because of appellants' failure to properly abstract the record, and it is too late now to correct it." The decree should have been affirmed on account of the omission to properly abstract the record. But we undertook to decide the case upon the merits, and understood from the undenied allegations of the amended complaint that appellants were attacking appellee's color of title to both tracts of land under deeds executed in 1879 and 1883, respectively, as well as the additional color of title to one of the same tracts under deed from Blank to Ingram in 1899. The pleadings are open to that construction; and if that be correct, the decision is right as to both tracts. If error has been made, the fault is with appellants in not properly abstracting the record.

The rules of this court do not allow matter overlooked by the court to be brought up on petition for rehearing when attention was not called to it in the original abstract and brief. Rehearing is therefore denied.