BURBRIDGE v. WILSON.

Opinion delivered June 19, 1911.

QUIETING TITLE—LACHES.—A suit to remove a void tax deed as a cloud upon title to lands is barred by laches where the plaintiffs abandoned the lands for a period of 23 years, allowing the defendant and his grantor to pay the taxes assessed against the lands, which in the meantime had enhanced tenfold in value.

Appeal from Bradley Chancery Court; *Zachariah T. Wood,* Chancellor; reversed.

*B. L. Herring,* for appellant.

Under the evidence in this case, the appellee's claim is stale, and he is barred by his own laches and that of his privies in title. 72 Ark. 101, 106; 81 Ark. 352, 357; *Id.* 432, 438; 90 Ark. 430, 434; 93 Ark. 298, 300; 85 Ark. 372, 375; 128 S. W. (Ark.) 348, 353.

*J. R. Wilson,* for appellee.

The tax forfeitures of 1868 and 1869 being void, the State acquired no title to convey; and, the lands being wild and unimproved, the possession remained with the Wilsons, the owners of the legal title. There was nothing to call plaintiffs and their ancestors into activity. Brooks by his act in marking the land on the book "Let it sell," and permitting it to be sold in 1901 for the taxes of 1900, abandoned his right to claim any benefits by reason of payment of taxes prior to that time, and payment of taxes thereafter begins a new period. Appellant cannot claim credit for tax payments by redemption. 83 Ark. 523; 47 Ill. 17; 53 Pac. (Cal.) 421.

Since no rights were asserted against appellee and his co-heirs calling for action, they are not properly chargeable with laches. Mere lapse of time, coupled with payment of taxes, does not ripen a void tax title into legal title. 75 Ark. 196. There was no abandonment by the Wilsons. "To constitute an abandonment in respect of a right secured, there must be a clear, unequivocal, and decisive act of the party; an act done which shows a determination in the individual not to have a benefit which is designed for him." There can be no abandonment without the intention to abandon. 1 Cyc. 6, 7. Act and intention must concur. 147 Cal. 228. Intention to abandon will not be presumed, and the burden of showing it rests upon the one who asserts it. 33 Mo. 205; 36 Vt. 273. Land is not abandoned by mere inaction. 124 La. 857; 82 Vt. 324. Nor by mere failure to bring suit for the land. 77 C. C. A. 86. Laches does not run against one asserting rights to real estate which he has had in possession during the delay in asserting these rights. 26 L. R. A. (N. S.) 559.

McCULLOCH, C. J. The lands involved in this controversy, which are wild and unoccupied, were originally owned by A. P. Wilson, plaintiff's ancestor, and were forfeited to the State in the year 1869 for non-payment of the taxes of 1868. W. B. Brooks purchased the lands from the State on September 16, 1887, and received a deed from the Commissioner of State Lands. Brooks paid the taxes on the lands from the time of his said purchase until the year 1901, when they were allowed to go delinquent, and were again forfeited to the State. He redeemed from the State on December 7, 1903, receiving a redemption deed exe-

cuted by the State Land Commissioner pursuant to the statute. On January 4, 1904, he sold and conveyed the lands to the defendant, who has continued to pay taxes thereon up to the present. Plaintiffs instituted this action in the chancery court on July 16, 1910, against defendant to cancel, as clouds on their title, the tax forfeiture of 1869, the deed of the State Land Commissioner to Brooks and the deed of Brooks to defendant. It is conceded that the tax forfeiture of 1869 was void, but the defendant relies on his plea of laches to defeat plaintiff's action. In support of this plea, defendant proves that he and his said grantor have paid all of the taxes assessed against the lands since 1887, and that meanwhile the lands have become greatly enhanced in value. The proof shows that in 1887, when plaintiffs ceased to pay taxes, the lands were worth one dollar per acre, and that they were of the value of eight to ten dollars per acre when this suit was commenced. This makes out a typical case for application of the doctrine of laches, so frequently announced by the courts in this character of litigation. *Clay* v. *Bilby,* 72 Ark. 101; *Turner* v. *Burke,* 81 Ark. 352; *Osceola Land Co.* v. *Henderson,* 81 Ark. 432; *Craig* v. *Hedges,* 90 Ark. 430; *Blank* v. *Huddleston,* 93 Ark. 298; *Rachels* v. *Stecher Cooperage Works,* 95 Ark. 6.

Counsel for plaintiffs urge, in avoidance of the application of this doctrine, the fact that defendant's grantor failed to pay taxes on the lands for 1901 and allowed them to stand forfeited for over two years before redeeming. This, however, is not sufficient to relieve plaintiffs from the effect, in equity, of their inaction for so long a time in asserting their rights to the lands. During said period of inactivity they permitted the defendant and his grantor to pay taxes on the lands for fourteen years up to the time of the second forfeiture and six years after redemption therefrom before taking any steps to assert title. In other words, they completely abandoned the lands for a period of about twenty-three years, allowing others to pay the taxes assessed against the lands while the value thereof was undergoing enhancement. In *Chancellor* v. *Banks,* 92 Ark. 497, we held that where there had been a void forfeiture of lands to the State for non-payment of taxes, the period of laches would be deemed to run against the owner only from the date of the purchase by an individual from the State; but in this case the abandonment of the lands by plain-

tiffs began long before the second forfeiture, and they get no aid from the fact that he who was allowed to pay the taxes temporarily abandoned his claim. The basis of the doctrine of laches as applied in these cases is that the asserted rights have been abandoned by long inaction while others are permitted to bear the burdens of taxation, the value of the lands being in the meantime enhanced. Courts of equity refuse to give relief under those circumstances, and the application of the doctrine is unaffected by the fact that the party invoking it has, at some time during the other's inactivity, been temporarily derelict in discharging the burden of taxation. We are of the opinion that the plaintiffs are not entitled to the equitable relief they ask for, and the decree is therefore reversed, and the cause remanded with directions to dismiss their complaint.

KIRBY, J., dissents.