GREEN v. JONES.

Opinion delivered March 30, 1925.

1. BILL AND NOTES—VALIDITY OF NOTE FOR PATENT.—Crawford & Moses' Dig., § 7956, providing that a note given for the sale of a patented article, which does not show on its face that it was executed in consideration of a patented article, is void, and § 7958, providing that any vendor of any patented thing who shall violate § 7956 "shall, upon conviction, be punished by a fine of not more than three hundred dollars," are penal and criminal statutes, and must be strictly construed.

2. BILLS AND NOTES—LEASE OF PATENTED ARTICLE.—Under Crawford & Moses' Dig., § 7956 requiring a note given for the sale of a patented article to show on its face that it was executed for a patented article, does not apply to a lease of a patented article.

Appeal from Logan Circuit Court, Southern District; *James Cochran*, Judge; reversed.

*Evans & Evans*, for appellant.

*Kincannon & Kincannon*, and *White & White*, for appellee.

SMITH, J. Appellant, who was the plaintiff below, brought this suit to recover on a promissory note exe-

cuted by appellees, the defendants below, to the order of the Ginners' Compress Trust Company, of Milwaukee, Wisconsin, for the sum of $1,200. Plaintiff testified that he acquired the note as an innocent purchaser for value on the day of its execution.

The defense made by the makers of the note was that it was executed in payment of a patented article, a fact not recited in the face of the note, as required by § 7956, C. & M. Digest; and it was also denied that the plaintiff was an innocent purchaser thereof.

The note in suit constituted the consideration for an agreement of even date with the note, made between the maker and the payee of the note, and which reads as follows:

"This agreement, made and entered into this 17th day of February, 1922, by and between the Ginners' Compress Trust Company, of Milwaukee, Wisconsin, hereinafter called the lessor, and the Magazine Gin Company, Magazine, Arkansas, herein called the lessee,

"Witnesseth: Whereas, the lessor has this day agreed to and does hereby lease and deliver to lessee, and installed ready for operation on or before the beginning of the ginning season of 1922, upon the condition herein set forth, the following personal property, to-wit:

"One complete system for baling cotton into cylinder bales, as per specifications and drawings shown in pamphlet called 'Prodigy on Baling Cotton.'

"The lessee does hereby agree to receive said property and operate same at their gin plant, a public toll gin, baling cotton into cylinder bales at the option of the cotton owner.

"Whereas, the lessee, as a guaranty of good faith, does give his promissory note for twelve hundred ($1,200) dollars to lessor.

"The lessee agrees to operate this system for a term of not less than three years, and to use their best energy to make it a success, and to accommodate the ginning public. Said lessee further agrees to pay the lessor

a rental of 20 cents per hundred pounds for all cotton baled in said system, which the lessee is to charge and collect as a toll for compressing the cotton at the gin and deposit the same at the end of each month to the order of the lessor, less the amount hereinafter stipulated.

"It is further agreed by the lessee that he will keep a correct account of all cotton baled on said system, giving the number of bales and weight of same. A settlement of all amounts due under this lease during any one year shall be computed on or before the first day of January of each year while this lease is in effect. The lessee to deduct all the tolls collected up to twelve hundred dollars as the return of his money advanced on installing the system. This amount to be credited on the twelve hundred dollar note until paid.

"It is understood that the title of the above described property shall remain in the name of the lessor, who is the owner.

"This agreement in no way transfers or incumbers the title other than herein set forth, and the lessor shall have the right to enter the premises of the lessee at any time and take possession and remove, without cost to lessee, said system from his premises, provided if any term of this lease is or shall be violated.

"The lessee is not to interfere or in any way hinder the removal of the machine, nor is the lessor to be held responsible for any damage from same.

"Further, the lessor reserves the right to remove the system between ginning seasons provided said system does not outturn two thousand bales under ordinary season conditions, without expense to lessee. The lessee is to do all necessary carpenter work at his own expense.

"The lessor guarantees the system to make a perfect, merchantable bale of cotton and a continuous operation, and guarantees to keep said machine in good repair.

"The lessor also guarantees a market for the product of all cotton outturned, bidding for same in the

open market at the usual premium of round over square, and will furnish the lessee, or whom he may designate, with a limit each day for the purchase of all cotton out-turned offered for sale.

"The lessor reserves the right to furnish an oper-ator at his own expense, who will operate and care for the plant when so desired.

"The lessor guarantees not to install another sys-tem where it will directly interfere with the patronage of the lessee system for a period of seven years, pro-vided the lessee meets the demands of the ginning public.

"Witness our hands this the 17th day of February, 1922."

There was testimony that the cotton press to be installed under the agreement was covered by patents, and, in submitting the case to the jury, the court gave the following instructions: "You will find for the plaintiff, Mr. Green, the full value of this note, unless you find that the note was given for the purchase or lease of a patented machine, instrument or thing. If you find that it was given for a patented machine, instrument or thing, then you will find for the defendants."

After reading § 7956, C. & M. Digest, the court fur-ther instructed the jury as follows: "Therefore, if you find from a preponderance of the testimony that this note was given for the purchase of a patented thing, or a lease for a patented machine, instrument or thing, it is absolutely void, and your verdict will be for the defendants."

The jury found for the defendants under the instructions given, and there was a judgment accord-ingly. and the plaintiff has appealed.

For the reversal of the judgment it is contended by appellant that the agreement set out above contemplated a lease of a patented article, and not a sale thereof, and that the provisions of § 7956, C. & M. Digest, do not apply to leases of patented articles, but only to sales thereof.

The section of the statute mentioned reads as follows: "Section 7956. Any vendor of any patented machine, implement, substance, or instrument of any kind or character whatever, when the said vendor of the same effects the sale of the same to any citizen of this State on a credit, and takes any character of negotiable instrument in payment of the same, the said negotiable instrument shall be executed on a printed form, and show upon its face that it was executed in consideration of a patented machine, implement, substance or instrument, as the case may be, and no person shall be considered an innocent holder of the same, though he may have given value for the same before maturity, and the maker thereof may make defense to the collection of the same in the hands of any holder of said negotiable instrument, and all such notes not showing on their face for what they were given shall be absolutely void."

We think counsel for appellant are correct in their contention that the contract set out was a lease and not a sale, and that the statute does not apply to leases of patented articles.

The statute is both penal and criminal. For its violation the penalty of the forfeiture of the agreed purchase price of the article sold is imposed, and the note or notes executed for the purchase price which do not conform to the requirements of the statute are rendered void in the hands of an innocent purchaser, and, in addition, a fine of $300 may be imposed for a violation of the statute. As the statute is penal and criminal, it must, for both reasons, be strictly construed.

In Black on Interpretation of Laws, § 114, page 286, it is said: "It is a familiar and well-settled rule that penal statutes are to be construed strictly, and not extended by implications, intendments, analogies, or equitable considerations. Thus, an offense cannot be created or inferred by vague implications. And a court cannot create a penalty by construction, but must avoid it by construction unless it is brought within the letter

and the necessary meaning of the act creating it.  And where a statute may be so construed as to give a penalty, and also, and as well, so as to withhold the penalty, it will be given the latter construction.  A penal statute will not be extended by implication or construction to cases which may be within the mischief which the statute was designated to cure, if they are not at the same time within the terms of the act fairly and reasonably interpreted.  Hence an act not expressly prohibited by such a statute cannot be reached by it merely because it resembles the offenses provided against, or may be equally and in the same way demoralizing or injurious. 'In construing such laws, we should be careful to distinguish between what may have been desirable in the enactment in order that it should effectually accomplish its purpose, and what has been really prohibited or commanded by it.  Before conduct hitherto innocent can be adjudged to have been criminal, the Legislature must have defined the crime, and the act in question must clearly appear to be within the prohibitions or requirements of the statute, that being reasonably construed for the purpose of arriving at the legislative intention as it has been declared.  It is not enough that the case may be within the apparent reason and policy of the legislation upon the subject, if the Legislature has omitted to include it within the terms of its enactment.  What the Legislature has, from inadvertence or otherwise, omitted to include within the express provisions of a penal law, reasonably construed, the courts cannot supply.'  Further, in its application to a case which clearly comes within its terms, such a law must be strictly construed.''

This court has made numerous applications of the principles thus announced in the construction of such statutes, several of which cases are cited in the brief of counsel for appellant.[*]

* *Brooks* v. *Western Union Tel. Co.*, 56 Ark., 224, *Simmons* v. *American Ry. Express Co.*, 147 Ark., 339, and *Gillam* v. *State*, 47 Ark. 555—are cited in appellant's brief (Reporter).

The subject-matter of the contract between the parties and the note sued on was the lease of a patented article, and not a sale thereof, and, as the statute quoted applies only to sales of patented articles, the court was in error in instructing the jury that a note given for the lease or the purchase of such an article was void.

Appellee insists that, in the interpretation of § 7956, C. & M. Digest, that section should be read in connection with § 7957 and § 7958, C. & M. Digest, and, when so read, the statute should be interpreted as including, not only the sale of a patented article, but the sale of the right to use a patented article.

The last numbered sections read as follows:

"Section 7957. The foregoing section shall also apply to vendors of patent rights, and family rights to use any patented thing of any character whatever.

"Section 7958. Any vendor of any patented thing of any character, or any vendor of any patent right or family right to use any patented thing of any character whatsoever, who shall violate the provisions of § 7956 shall, upon conviction, be punished by a fine of not more than three hundred dollars."

We do not think that the Ginners' Compress Trust Company, the lessor in the agreement set out above, comes within the provisions of § 7957 or § 7958, C. & M. Digest. The Ginners' Compress Trust Company was not the vendor of any patented thing, nor was it the vendor of any family right to use any patented thing.

What we have said disposes of the only question considered by the court below or submitted to the jury, and, for the error in giving the instruction set out above, the judgment of the court below will be reversed, and the cause remanded for a new trial.