MABREY *v.* MILLMAN.

4-7556                                    186 S. W. 2d 28

Opinion delivered March 12, 1945.

*D. T. Cotton,* for appellant.

*Ben B. Williamson,* for appellee.

ROBINS, J. This is a controversy as to ownership of the northwest quarter of section 10, township thirteen north, range thirteen west, in Stone county, Arkansas, and the timber thereon.

In his complaint filed in the lower court appellee, Robert Millman, doing business as "Millman Lumber Company," asserted that he was the owner of all merchantable timber on this land by virtue of purchase by appellee from the owners of the land, Monroe Morrison and wife, evidenced by recorded timber deed executed by said parties to appellee on September 23, 1943, and further alleged that appellant, Roy Mabrey, was trespassing on said land and was cutting and removing timber therefrom, to appellee's irreparable injury and damage. The prayer of appellee's complaint was for an injunction against appellant to restrain him from trespassing on said land and from cutting and removing timber therefrom, and for judgment against appellant for three times the value of the timber already removed by appellant from said land.

Appellant answered, denying that appellee was the owner of the timber or that Monroe Morrison and wife were or ever had been the owners of said land, and alleging that appellant was the owner of said land by virtue of a purchase by appellant and a deed executed to him by National Bank of Commerce on September 1, 1942. Appellant also alleged that Monroe Morrison had obtained on June 18, 1942, from the State of Arkansas, to which the land had been forfeited for nonpayment of taxes, a redemption certificate, which appellant alleged was void because of the invalidity of the tax sale in certain specified particulars; and by way of cross-complaint appellant prayed that Morrison and wife be made parties and for cancellation of the timber deed from Morrison

and wife to appellee and that appellant's title to the land be quieted.

The lower court found: "That his [appellant's] claim of title to the lands involved herein is barred by the two-year statute of limitations (§ 8925, Pope's Digest), the court finding from the evidence that the defendant was not seized with the possession of said lands within two years next before the filing of his cross-complaint herein, and that the defendant is further barred by the seven years' statute of limitations applicable to the filing of suits to recover land, and the undisputed proof showing that defendant's answer and cross-complaint was filed herein more than seven years after the title to said lands was confirmed in the State of Arkansas on December 8, 1936. The court further finds that the title to the lands, to-wit: northwest quarter of section 10 in township 13 north of range 13 west containing 160 acres of land in Stone county, Arkansas, is well vested in the intervener, Monroe Morrison, by reason of his deed from the State of Arkansas, and that the defendant should take nothing against him by reason of his answer and cross-complaint herein, and that the same should be dismissed for want of equity." From the decree quieting title to the land in Monroe Morrison and enjoining appellant from cutting timber thereon appellant prosecutes this appeal.

In the trial below, appellees introduced in evidence the record of the chancery court of Stone county showing decree by which title of the State (under forfeiture for nonpayment of taxes of 1931) to the land in controversy was confirmed on December 8, 1936.

On behalf of appellant there was introduced by consent a document signed by an abstracter showing conveyances of record affecting title to the land. This document showed a chain of title by mesne conveyances from the United States to the appellant; and it also showed forfeiture of the land to the State for nonpayment of taxes of 1931, certification to the State in 1935, the decree (above referred to) confirming title in the State in 1936, the redemption deed to appellee, Morrison, executed by

the State on June 18, 1942, and that the land had been assessed in the name of Monroe Morrison each year since and including 1919. The clerk testified that, according to the record, included in the amount for which the land was forfeited for taxes for the year 1931 were these charges: clerk's fee 50 cents, sheriff's fee 20 cents and penalty of 98 cents. There was no testimony as to possession of the land by any of the parties at any time or as to who had paid any of the taxes thereon.

The only basis for the title of appellees shown in the trial below was the redemption deed obtained by Morrison from the State. This deed did not evidence a purchase of the land from the State, but only a redemption thereof. "One who redeems land from a tax sale, when he has no right, title or interest in the land, acquires no title." (Headnote 1) *Frank Kendall Lumber Company* v. *Smith,* 87 Ark. 360, 112 S. W. 888. "The redemption deed . . . from the State . . . is in effect a mere payment of taxes . . . and this redemption deed does not purport to convey title." *Pyburn* v. *Campbell,* 158 Ark. 321, 250 S. W. 15.

Since the proof failed to show any title, by grant or otherwise, in appellees or either of them, and there was no proof of adverse possession by appellees or either of them, so as to confer title, it follows that the trial court erred in its decree.

It is apparent from the colloquy between court and counsel during the trial that the lower court misconstrued the effect, under the law, of the redemption deed and of the confirmation decree, and it is possible that, on account of the lower court's stated views, appellees failed to offer available proof as to possession by appellee Morrison, payment of taxes by him or other evidence tending to establish his right to the land. Since the case, for the reasons stated, appears not to have been fully developed, we conclude that the ends of justice will be best served by reversing the decree of the lower court and remanding the cause for new trial. *Carmack* v. *Lovett,* 44 Ark. 180; *Langhorst* v. *Rogers,* 88 Ark. 318, 114 S. W. 915. It is so ordered.