FERGUSON *v.* FIELDS.

4-7559 188 S. W. 2d 302

Opinion delivered May 21, 1945.

840

David L. Ford, for appellant.

· Hugh M. Bland, James B. McDonough and A. L. Rotenberry, for appellee.

HOLT, J. This litigation involves the title to lot 9, block 124 of Fitzgerald Addition to the city of Fort Smith, residence property.

The Sebastian Bridge District foreclosed its lien for delinquent assessments against this property for the years 1935-36 and 37, and at the foreclosure sale, the property was struck off and sold to the district on September 13, 1939. On July 31, 1940, appellee, J. Fields, paid to the bridge district the taxes due for the years 1935-36 and 37, in the amount of $28.60, and receipt No. 8500 therefor was issued to him. Thereafter, on September 17, 1940, the district executed its quitclaim deed to Fields to the property, here involved, for the delinquent taxes, penalty and costs, in the amount of $24.98, and this deed was confirmed by the court November 5, 1940. Appellee recorded this deed December 16, 1941.

The instant suit was filed February 11, 1942, against Fields by appellants, in which they claimed ownership and possession of the property, that they were not served with summons, had no notice of the foreclosure suit, that the foreclosure proceedings, supra, were void, that the alleged deed from the district to J. Fields was void and of no effect, and prayed that the deed from the district to Fields on September 17, 1940, supra, be canceled and title quieted in them.

Appellees answered, alleged proper service, that appellants' suit was a collateral attack upon a valid and subsisting judgment, and that the court was without jurisdiction. Upon a trial, the court found the issues in favor of appellee. This appeal followed.

The record reflects that the foreclosure decree of the bridge district was had on June 17, 1939, and the sale of the property here in question was had, as above noted, September 13, 1939. Appellants had two years from the date of the sale, September 13, 1939, in which to redeem their property. We so held in the recent case of *Hopkins* v. *Fields,* 202 Ark. 890, 154 S. W. 2d 22.

The record further reflects that on July 31, 1940, well within the two-year redemption period, appellee, J. Fields, paid to the Sebastian Bridge District, the taxes due the district for the years 1935-36 and 37, and received receipt therefor, and thereafter, on September 17, 1940, the district executed a deed to him for this property.

Appellants argue that, at the time appellee, Fields, paid the taxes due the bridge district, on July 31, 1940, he was a mere volunteer, had no interest of any kind in the property and acquired none by paying these taxes. They also argue that such payment to the district amounted to a redemption of the property which inured to the benefit of appellants, the owners, and that the deed thereafter from the district to Fields under date of September 17, 1940, was void, since all taxes due the district had been paid.

It is our view that appellants are correct in all of the above contentions.

In the very recent case of *Mabrey* v. *Millman, ante,* p. 289, 186 S. W. 2d 28, we said: "One who redeems land from a tax sale, when he has no right, title or interest in the land, acquires no title. (Headnote 1) *Frank Kendall Lumber Company* v. *Smith,* 87 Ark. 360, 112 S. W. 888. 'The redemption deed . . . from the state . . . is in effect a mere payment of taxes . . . and this redemption deed does not purport to

convey title.' *Pyburn* v. *Campbell,* 158 Ark. 321, 250 S. W. 15. Since the proof failed to show any title, by grant or otherwise, in appellees or either of them, and there was no proof of adverse possession by appellees or either of them, so as to confer title, it follows that the trial court erred in its decree,'' and in *Southern Lumber Company* v. *Arkansas Lumber Company,* 176 Ark. 906, 4 S. W. 2d 928, this court said: ''The record shows that the taxes for 1904 were paid by M. L. Gardner, Jr., who was not in the chain of title, and his payment inured to the benefit of the owner by extinguishing the state's tax lien on the land.''

Appellee argues that appellants cannot raise, for the first time here, the above question, which they say was not raised on the trial below. While it does appear that the point that no taxes were due when the deed to Fields was executed was not stressed, it was raised in appellants' brief and was a part of the record proof. Appellants' complaint would, and must, be considered as amended to conform to the proof.

On this question of the payment of the taxes by J. Fields to the district, appellee brought out in the testimony from Mrs. Mabel Patton, secretary of the bridge district, the following testimony: ''Mrs. Patton: This (receipt No. 8500) was paid July 31, 1940, by J. Fields, Little Rock, Arkansas, $28.60. Mr. Bland: We offer that receipt in evidence. That is receipt No. 8500? Mrs. Patton: Yes, sir. Mr. Bland: We offer this in evidence. Q. What year was that receipt for? A. 1935, '36 and '37.''

Appellants, as indicated, though not arguing and stressing the point, clearly raised this issue in their brief in the following language: ''The delinquent taxes were due for the last three years, '35, '36 and '37, and this receipt No. 8500 was issued after 1937, and it was for the '35, '36 and '37 taxes, and 1937 was the last year the taxes were paid in the district. The sale was had in September, 1939. The taxes were paid through the foreclosure procedure and tax receipt No. 8500 would show who paid the taxes and when the taxes were paid. A copy of the tax receipt was introduced showing that the tax was

paid July 31, 1940, by J. Fields, of Little Rock, Arkansas, $28.60, R. pp. 35-40.''

This point was not stressed, as it was strongly insisted and relied upon, that no summons of process had been had. The court properly, we think, held against this latter contention, but even so, the contention that no taxes were due when the deed to Fields was executed, must be sustained, and there was, therefore, no authority for the execution of the deed to Fields. Fields had no interest in the property when he paid these taxes to the district, and acquired no interest by paying them. He was a volunteer, and his payment, which amounted to a redemption, inured to the benefit of the owners, appellants, and extinguished the district's lien on the property.

For the error indicated, the decree is reversed, and the cause remanded with directions to cancel appellee's deed, and for further proceedings not inconsistent with this opinion.

McFADDIN, J., dissenting. The majority opinion as now rendered has allowed a collateral attack on a judgment of foreclosure, and this is in violation of something heretofore consistently refused. This point alone is sufficient to require the dissent; but there are other points which we wish to emphasize.

This case was submitted to this court on March 5, 1945; and in the 39-page brief of the appellants, there was this very clear statement of the issue presented:

''The only issue in this case to be presented to the court is, that there was no service upon appellants by the Sebastian Bridge District in this suit to foreclose its lien for delinquent taxes, and that appellants are not bound by the judgment because they had no knowledge that the Sebastian Bridge District had instituted suit against them.''

A review of the transcript shows that the above stated issue was the only contention urged in the pleadings and in the trial below and on this appeal. On that issue this court rendered an opinion on March 12, 1945, which opinion we quote in full:

"MILLWEE, J. On June 22, 1938, the Sebastian Bridge District instituted foreclosure proceedings in Cause No. 10668 in the Fort Smith District of the Sebastian Chancery Court under Act No. 104 of 1913 to foreclose its lien for delinquent assessments against numerous parcels of property. In the original complaint appellants, R. W. and Goldia Ferguson, were named as the owners of lot 9, block 124 of Fitzgerald Addition to the City of Fort Smith, and taxes for 1935, 1936 and 1937 were alleged to be delinquent. An amendment to the complaint was filed August 11, 1938, which set out other property as delinquent including lot 8, block CCC, Breen's Addition, and R. W. Ferguson; trustee, was named as owner of this lot. A decree of foreclosure was rendered in the suit on June 17, 1939, and both lots were struck off to the district on September 13, 1939, when no purchasers appeared to bid in the property at the foreclosure sale. Appellant, R. W. Ferguson, redeemed the lot in Breen's Addition from this sale on October 17, 1940. On September 17, 1940, the Sebastian Bridge District executed its quitclaim deed to appellee, J. Fields, to lot 9, block 124 of Fitzgerald Addition for $24.98, the amount of delinquent taxes, penalty and court costs, and this deed was confirmed by the court November 5, 1940. Appellee, J. Fields, filed the deed of record December 16, 1941.

"Appellants filed the instant suit February 11, 1942, against appellee Fields, alleging they were not served with summons and had no notice of the foreclosure suit by the bridge district, and that the decree rendered against them was void. The prayer of the complaint was that the proceedings under said foreclosure suit be declared void and the deed from the district to J. Fields to lot 9, block 124, Fitzgerald Addition canceled and title to said lot quieted and confirmed in appellants. An amendment to the complaint was filed April 16, 1942, making the Sebastian Bridge District a party defendant. Appellees filed separate answers after a motion to dismiss by J. Fields and a demurrer by the bridge district were overruled. These answers alleged proper service

upon appellants in the foreclosure proceedings, that the instant suit of appellants was a collateral attack upon a valid and subsisting judgment and the court was without jurisdiction of the parties or subject matter. The cause was tried May 23, 1944, upon the issue of whether or not appellants were served with summons in the foreclosure proceedings by the bridge district. A decree was rendered which found that the two-year period of redemption from the foreclosure sale had expired and appellant's complaint was dismissed. The decree contains the following recital as to service of process in the foreclosure proceedings by the bridge district: 'The court further finds that the plaintiffs in this cause were defendants in cause No. 10668 and were duly and legally served with summons therein, and that the decree of foreclosure is valid and binding against plaintiffs, R. W. Ferguson and Goldia Ferguson.'

"The foreclosure decree of June 17, 1939, which appellants seek to set aside recited that due service had been had upon all defendants. It is the contention of appellees that the present suit is a collateral attack upon said foreclosure decree; that every presumption will be indulged in favor of the jurisdiction of the court, and, unless it affirmatively appears from the record that the facts essential to jurisdiction do not exist, such collateral attack will not prevail. We have so held in many cases and some of these are cited in the well considered case of *Turley* v. *Owen,* 188 Ark. 1067, 69 S. W. 2d 882. There is also a long line of authorities to the effect that a recital in a judgment of a court of general jurisdiction as to service of process is, upon collateral attack, conclusive and not subject to impeachment. *McDonald* v. *Fort Smith & W. R. Co.,* 105 Ark. 5, 150 S. W. 135; *Price* v. *Gunn,* 114 Ark. 551, 170 S. W. 247, L. R. A. 1915C, 158; *Clay* v. *Barnes,* 121 Ark. 474, 181 S. W. 303; *Taylor* v. *King,* 135 Ark. 43, 204 S. W. 614; *Shaw* v. *Polk,* 152 Ark. 18, 237 S. W. 703, 68 A. L. R. 390. It is also the doctrine of this court that judgments will not be vacated on collateral attack until a meritorious defense is alleged and proved. *H. G. Pugh & Co.* v. *Martin,* 168 Ark. 423, 262 S. W. 308.

This is also the requirement of our statute (§ 8249, Pope's Digest) in actions to vacate judgments by a direct attack.

"The line of demarcation between direct and collateral attacks upon judgments or decrees is not well defined by the authorities. The chancellor apparently treated the suit herein as a direct attack upon the foreclosure decree and admitted oral testimony to contradict the recital of service of process in that decree. Unless we can say that his finding upon this issue is against the preponderance of the evidence, the decree must be affirmed.

"The sheriff's return upon the summons issued upon the original complaint in said foreclosure suit which was introduced in evidence contains the following recital: 'The within writ came into my hands on the 20th day of October, A. D. 1938, and I have duly served the within by delivering a copy of the same to each of the within named. Robert W. Ferguson by delivering said copy to Goldia Mae Ferguson, a member of the family over 16 years of age at the usual place of abode as therein commanded. Served this 31st day of Oct. 1938. Jack Pace, Sheriff; by J. B. Garrison, D. S." A second summons appears in the record showing service upon R. W. Ferguson, trustee, upon the amended complaint filed in the original foreclosure suit in the same manner.

"Appellant, R. W. Ferguson, testified that he entered into possession of the property involved herein in 1932 and had lived there since, except for a period of a year and a half or two years; that he knew nothing about the foreclosure action until shortly before this suit was filed, when a tenant who was occupying said property at the time received a letter from an attorney ordering said tenant to discontinue payment of rent to appellant and to start paying same to the agent of appellee, J. Fields. On cross-examination he said he knew there was a suit in court, but did not know that his property was involved; that he was of the opinion that he had paid taxes for the last year, but was unable to find a receipt showing such payment. Goldia Fergu-

son testified that she was not served with the summons, did not know J. B. Garrison, the deputy sheriff, and did not notice a publication in the newspaper about the suit. She also testified that her husband was absent from Fort Smith frequently about the time the foreclosure proceedings were pending.

"Mrs. Mable Patton testified on behalf of appellees that she was collector of Sebastian Bridge District; that she sent a card to appellants notifying them of the delinquent tax on said property; that the taxes for 1935, 1936 and 1937 were not paid before the foreclosure suit and the receipt for such payments was issued by her to appellee J. Fields on July 31, 1940.

"In support of appellant's contention, the case of *Crawley* v. *Neal*, 152 Ark. 232, 238 S. W. 1054, is cited. In that case it was held that the testimony of Annie Crawley that the sheriff did not serve a summons upon her was competent and sufficient to overcome the *prima facie* showing of service by the return of the sheriff when considered with the other testimony on that point. There the officer had no recollection relating to the facts of the service of the summons and there was other corroborating evidence which tended strongly to support the testimony of Mrs. Crawley that no service was had upon her personally or for her husband. The building and loan association which had instituted the foreclosure proceedings accepted dues, assessments, interest on loans, and otherwise treated Crawley as a member in good standing for a period of several months after the alleged service had been obtained. The court in that case said: 'Treating the testimony of Annie Crawley as competent, it shows that she was not served personally, nor was service had upon her for her husband. The testimony of Crawley shows that he was not notified of the pendency of the suit to foreclose. The conduct of the association toward Crawley after the alleged service and before the decree was rendered tends to corroborate the testimony on behalf of appellant that no service was had. The conduct of the association at least shows that it was dealing with the appellant as if it had not insti-

tuted any foreclosure proceedings against him. Assuming that the testimony of Annie Crawley is competent, the appellant has fully met the burden cast upon him and has proved by a preponderance of the evidence that there was no service.'

"We do not find evidence in this case which tends to corroborate the testimony of appellants as was found by the court in *Crawley v. Neal, supra.* The chancellor had the entire record of the foreclosure proceedings before him. He heard the witnesses testify, observed their demeanor and was in much better position to determine their credibility than is this court on appeal. We cannot say that his finding that due service of process was had upon appellants in said foreclosure proceedings is against the preponderance of the evidence.

"The decree is, therefore, affirmed."

After the above opinion was rendered the appellants filed a petition for rehearing supported by a printed brief of 44 pages, and urging—for the first time—the points on which the majority have withdrawn the aforesaid opinion and granted the rehearing.

As we of the minority see the situation thus brought about, this is the result:

1. The appellants are winning the case now on rehearing on a point that was not presented in the original appeal. This is contrary to all of our cases. See *K. C. S. Ry. Co. v. Henrie,* 87 Ark. 443, 112 S. W. 967; *Blank v. Huddleston,* 93 Ark. 298, 124 S. W. 786; *Midland Valley R. Co. v. Le Moyne,* 104 Ark. 327, 148 S. W. 654; *Sov. Camp, Woodmen of the World, v. Newsom,* 142 Ark. 132, 219 S. W. 759, 14 A. L. R. 903; *Vincennes Steel Corp. v. Derryberry,* 194 Ark. 37, 106 S. W. 2d 571; *Chronister v. Skidmore,* 198 Ark. 261, 129 S. W. 2d 608; *Murphy v. Murphy,* 200 Ark. 458, 140 S. W. 2d 416.

2. The appellants are now winning this case on rehearing not only on a point that was not presented in the original appeal, but also on a point that was never presented to or urged in the trial court. This is contrary

to all of our own cases. In *Mo. P. R. Co.* v. *J. W. Myers Commission Co.,* 196 Ark. 976, 120 S. W. 2d 693, we said: "This court has frequently held that no issue can be raised in this court which was not raised in the trial court; and since appellant's present contention was not raised in the trial court, as we have herein pointed out, we believe the relief it is now asking on appeal should be denied. *Bolen* v. *Farmers' Bonded Warehouse,* 172 Ark. 975, 291 S. W. 62; *Leonard* v. *Luther,* 185 Ark. 572, 48 S. W. 2d 242; *Banks* v. *Corning Bank & Trust Co.,* 188 Ark. 841, 68 S. W. 2d 452. *Id.* 292 U. S. 653, 54 S. Ct. 863, 78 L. Ed. 1502; *Illinois Bankers' Life Assurance Co.* v. *Lane,* 189 Ark. 261, 71 S. W. 2d 189."

To sum up the whole matter, it seems that the effect of granting this rehearing is to change the rules of the game while the play is in progress. I am authorized to say that Chief Justice SMITH and Mr. Justice MILLWEE concur in this dissent.