MITCHELL *v.* MALVERN LUMBER COMPANY.

5-108                                    258 S. W. 2d 549

Opinion delivered June 8, 1953.

*W. H. McClellan,* for appellant.

*W. H. Glover* and *Paul B. Young,* for appellee.

ED. F. McFADDIN, Justice. This is a suit brought by appellants seeking to have certain instruments cancelled, and to recover property, the possession of which has not been held by appellants since 1931.

In 1904, Samuel Mitchell died intestate, the owner of lands in Hot Spring County, Arkansas. He was survived by many heirs at law. In 1927, the owners of some of the interests in his estate instituted partition proceedings for the lands. The case reached this Court in 1930 in *Mitchell* v. *Fowler,* 181 Ark. 857, 28 S. W. 2d 66. After we remanded the cause, there were other proceedings in

---

the Chancery Court, the validity of which we need not determine. At all events, in 1931, Kight received a Commissioner's Deed to the lands here involved, which are a part of the Samuel Mitchell lands. In 1934, Kight executed a warranty deed to appellee, Malvern Lumber Company, definitely describing the lands in the present controversy.

On June 25, 1952, appellants, claiming as heirs of Samuel Mitchell, filed the present suit against Malvern Lumber Company (hereinafter called "Malvern"), alleging the invalidity of all the proceedings involving appellants' interests, and also alleging fraud to have been practiced by the attorney—now deceased—who obtained a decree fixing his lien for services rendered in the partition proceedings, and which decree resulted in the, said Commissioner's Deed to Kight. Malvern denied the invalidity of the Commissioner's Deed, and also pleaded limitations and laches. Trial resulted in a decree for Malvern, which is challenged by this appeal.

With a variety of defenses suggested by the appellee, we select laches as the one on which to rest the affirmance. The uncontradicted evidence established:

(a) that even though the lands were wild and unimproved, nevertheless Malvern has all the time since 1934 paid all taxes on the lands under a deed duly of record and definitely describing the lands, and Malvern has all the time had the lines around the lands painted and blazed, and two of its employees have regularly checked the lands at least twice each month to see that there was no trespassing;

(b) that some of the plaintiffs have resided within one mile of the lands and have frequently passed by the said lands;

(c) that McKinley Mitchell—the moving spirit in the present litigation—learned in 1942 of the sale of the lands to Malvern and of Malvern's possession of the lands, and offered in that year to "redeem" the lands;

(d) that after learning of Malvern's deed and possession in 1942, there was a delay until 1952 before instituting the present suit;

(e) that in 1932 the lands had a value of $3.00 an acre, and in 1952 the lands had a value of $75.00 an acre; and

(f) that the attorney who caused the lands to be sold at the Commissioner's sale in 1931 (against which appellants allege fraud), and who would be able to give all the facts, died in January, 1951, and the present suit was not filed until June, 1952. Thus, Malvern is prevented from having his testimony.

In the light of the foregoing facts, the Trial Court was correct in holding that the appellants are barred by laches. Some of our cases exemplifying and applying laches to situations similar to those in the case at bar are: *Grimes* v. *Carroll*, 217 Ark. 210, 229 S. W. 2d 668; *Daniels* v. *Moore,* 197 Ark. 727, 125 S. W. 2d 456; and *Burbridge* v. *Wilson,* 99 Ark. 455, 138 S. W. 880.

The decree is affirmed.