PYBURN v. CAMPBELL.

Opinion delivered April 16, 1923.

1. TAXATION—EFFECT OF REDEMPTION FROM FORFEITURE.—Redemption of land by the owner from a tax forfeiture, under Crawford & Moses' Dig., § 6741, does not constitute color of title, and is in effect a mere payment of taxes.

2. BOUNDARIES—INCORPORATED TOWN.—Where one owning two adjoining forty-acre tracts petitioned the county court to lay off a town on the north forty, but the town as actually laid off under his directions extended over into the south forty, though the plat as filed showed the town to lie wholly within the north forty, held that the lines as run are controlling as against the plat, and a description in a deed of the land by blocks, either in a

private sale or in a sale for taxes, will convey the blocks actually surveyed.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Emerson, Donham & Shepherd,* for appellant.

Appellant had color of title to the blocks of land and had paid taxes thereon for 25 years, and decree should have allowed him all claimed. 132 Ark. 11; 47 Ark. 521; 102 U. S. 461. His deed was from the Land Commissioner, made under authority of § 6663, C. & M. Digest; 94 Ark. 316. Appellant was either in possession or the property was unimproved and uninclosed, and payment of taxes gave him title by adverse possession, under provisions of § 6943, Crawford & Moses' Digest. Court also erred in not holding that possession of part of the property conveyed was, in law, possession of all. 135 Ark. 321; 1 R. C. L. 728; 83 Ark. 377; 149 Ark. 189. Appellant also had an older constructive possession than appellee. His deed was issued and recorded in December, 1895, while appellee's was not issued till 1898 and recorded in 1910. 38 Ala. 44; 1 Century Digest, Col. 240, 1 R. C. L. 730. Appellee had long recognized the line as actually surveyed and established when the town was laid out as the true boundary line. Redemption deed not color of title. Appellee did not purchase the land under § 6661, C. & M. Digest, but instead claimed to be the owner, and redeemed it. 67 Ark. 184. Having no color of title, payment of taxes for any number of years avails nothing, nor does possession of part of a tract of land extend to the entire tract when it is not held under color of title. Description in redemption deed insufficient. *Buchanan* v. *Pemberton,* 143 Ark. 92. Decree should be reversed and appellant's title quieted.

*Isgrig & Dillon,* for appellee.

Chancellor correctly held that lots and blocks of land claimed by appellant were not included in 40-acre tract owned by appellee. Not presumed that more territory was included in the town than that which was clearly in-

tended to be included. 10 L. R. A. 673; 9 L. R. A. 107;
120 S. W. 923. Petition for incorporation of town sets
out accurately property to be embraced, and none of
40 claimed by appellee was included. 88 Ark. 52. Ap-
pellant must succeed upon the strength of his own title.
82 Ark. 294. Williams' testimony is incompetent, as it
contradicts the record. 90 Ark. 149. Appellee has oc-
cupied the lands under redemption deed to his father
since 1898, and paid the taxes thereon continuously,
and, under § 6943, C. & M. Digest, his title should have
been confirmed. 1 R. C. L. 711.

*Emerson, Donham & Shepherd,* in reply.

Declaration of owner as to land included properly
shown. 10 L. R. A. 673. 90 Ark. 149 not applicable to
facts of this case. Redemption deed not color of title.
133 Ark. 441.

SMITH, J. In 1881 G. N. Perkins and other citizens
of Saline County petitioned the county court of that
county to incorporate the town of Woodson and to estab-
lish its boundaries in accordance with the prayer of the
petition and a plat of the proposed survey attached to
the petition. According to the petition and the plat, the
town was to be located in the northeast quarter of the
southeast quarter of section 20, township 2 south, range
11 west; but it appears that when the actual survey was
made under the directions of Perkins, who owned the
forty-acre tract described, and also the southeast quar-
ter of the southeast quarter of the same section, it was
discovered that the railroad running through both forty-
acre tracts did not run due north and south through them,
although the plat of the town indicates that it does run
due north and south.

One Williams testified that he was present and as-
sisted the county surveyor in laying off the town into
lots and blocks, and Perkins directed the town to be laid
off in a square facing the railroad, and this was done.
Perkins stated at the time that it made no difference
if the survey of the town ran over into the south forty

acres, as he owned them both, and it is admitted that he did own both tracts. The effect of so doing was to make the south line of the boundary run over into the southeast quarter of the southeast quarter so that the southern tier of blocks lie partly in one forty-acre tract and partly in the other, although the plat indicates that they lie entirely in the north forty. Iron stobs were put down to mark the corners of this survey, and they are still in place.

After this litigation arose, appellant, who was the plaintiff below, employed a surveyor to make a survey of the town, and there appears to be no question but that the town, as surveyed originally under the directions of Perkins, lies partly in both forty-acre tracts, although, as stated, the plat of the town shows that it lies entirely in the northeast quarter of the southeast quarter. Blocks 13, 14 and 15 are located on the south line of the survey, and are therefore bisected by the line between the two forties.

These blocks 13, 14 and 15 were sold to the State in 1893 for the nonpayment of the taxes for 1892, and appellant bought them from the State by deed for forfeited town lots, his deed being dated December 2, 1895. Appellant commenced paying taxes on these blocks in 1896, and has paid the taxes continuously since. Upon getting his deed he entered into the actual possession of block 15, built his home thereon, and inclosed a part of the block, and has resided there since. Appellant's purchase of these blocks was made pursuant to section 6661, C. & M. Digest.

The southeast quarter of the southeast quarter of this section was forfeited to the State in 1894 on account of nonpayment of taxes for the year 1893, and on August 14, 1898, John Campbell, the ancestor of appellee, obtained a redemption deed from the State. This deed was obtained under the provisions of section 6741, C. & M. Digest (act March 7, 1895) upon a showing that he was the owner thereof, upon the payment of $5.11, this being the amount of the taxes, penalty, interest, and costs.

The court held that appellant's deed from the State did not constitute color of title, and denied the prayer of the complaint, which was that the title be quieted except as to the particular portion of block 15 which appellant had inclosed and occupied; and, upon the answer and cross-complaint of appellee, quieted appellee's title to the southeast quarter of the southeast quarter of the section.

It is insisted that the court should have excluded the testimony of Williams, in which he stated the directions given to the surveyor by Perkins when the town was laid off. But we think no error was committed in admitting it. If Williams heard Perkins give the directions to the surveyor, there could be no objection to his repeating that statement, as it does show a conscious purpose on the part of the owner to lay off the town in the manner in which this was actually done. It appears to be a physical fact, established by an actual survey which is unquestioned, that the town as it was originally surveyed lies in both forty-acre tracts of land. Lots were sold under the descriptions contained in the plat, but the actual survey would govern over the plat thereof. It is a well settled rule of surveying, recognized by the courts, that the lines actually run control over maps, plats, or field notes. Page 537, Clark on Surveys and Boundaries. The actual survey originally made is evidenced by the fixed boundaries then established, and the actual survey must therefore govern over the erroneous plat thereof.

There were streets in the town as platted, and the exterior lines of the blocks form the boundaries of these streets. There was a dedication of these streets formally and actually, and the plat was intended to evidence that dedication and the location of the streets, and it does so correctly, except that the south line of the northeast quarter of the southeast quarter is shown on the plat to be the south line of the southern tier of blocks, when such is not the case.

It is true also that the petition for the incorporation of the town and the order of the court granting the prayer thereof do not include any part of the southeast quarter of the southeast quarter of the section, but the order incorporates into the town of Woodson the lands shown on the plat thereof, and the land thus included extends over into the southeast quarter of the southeast quarter, for, as we have said, the line as actually surveyed must be taken as the correct southern boundary of the blocks.

Under this view, the description of any particular block as a block in the town of Woodson becomes definite and certain, but it can only be definite and certain by conforming the boundaries to the actual survey thereof. Otherwise, hopeless confusion would result.

The description contained in the deed to appellant from the State is therefore sufficient to pass the title, not only in a private sale but in a sale for taxes, and the blocks conveyed are the blocks actually surveyed.

It follows therefore that appellant's deed is at least color of title, and, as no showing was made against the tax sale on which it was based, it presumptively conveyed the title to appellant. Moreover, appellant has paid the taxes continuously since 1896 on all three blocks, so that, as to any part of the land of which he has not had actual possession, he has, for many years, had color of title at least, and has paid taxes thereon continuously for twenty-five years.

Appellee has never had actual possession of any part of the blocks in litigation, and the redemption deed of his ancestor from the State to the southeast quarter of the southeast quarter is in effect a mere payment of taxes made pursuant to § 6741, C. & M. Digest, which permits redemption by the owner, and this redemption deed does not purport to convey title. Possession under a redemption deed evidencing such redemption will not therefore be extended, constructively or otherwise, to cover the blocks in litigation.

For these reasons we think appellant's title should have been quieted, and the decree will be reversed and the cause remanded, with directions to enter a decree granting that relief.