Jimmy WALKER v. J. D. WALKER

CA 82-381                                  651 S.W.2d 116

Court of Appeals of Arkansas
Opinion delivered June 1, 1983

298

*Thaxton & Hout,* for appellant.

*Pickens, Boyce, McLarty & Watson,* by: *Tim F. Watson,* for appellee.

Tom Glaze, Judge. This case involves a boundary line dispute in Jackson County, Arkansas. The parties own adjoining farms in the same Section 10-12-3; appellant has the S 1/2 and appellee has the S 1/2 S 1/2 N 1/2. Appellee filed suit, alleging appellant had trespassed north of their common boundary line; appellee requested the trial court to enjoin appellant from further trespasses. The court granted the relief sought by appellee, finding concomitantly that the parties' boundary line was along the north side of an old East-West road. The chancellor found the road had been established as the common boundary line by acquiescence and that evidence of the old road still existed. On appeal, appellant's main argument is that the court's finding is clearly erroneous.

In reviewing the chancellor's findings, we do not reverse unless we find they are clearly against a preponderance of the evidence. As preponderance turns heavily on credibility, we defer to the superior position of the chancellor in this respect. *Camp* v. *Liberatore,* 1 Ark. App. 300, 615 S.W.2d 401 (1981). It is also settled law that a boundary line by acquiescence may well exist without the necessity of a prior dispute. *Gregory* v. *Jones,* 212 Ark. 443, 206 S.W.2d 18 (1947). Nor is there any requirement of adverse usage up to a boundary fence to establish a boundary by acquiescence. *Morton* v. *Hall,* 239 Ark. 1094, 396 S.W.2d 830 (1965). Instead, whenever adjoining landowners tacitly accept a fence line or other monument as the visible evidence of their dividing line and thus apparently consent to that line, it

becomes the boundary by acquiescence. When the adjoining owners occupy their respective premises up to the line they mutually recognize and acquiesce in as the boundary for a long period of time, they and their grantees are precluded from claiming that the boundary thus recognized and acquiesced in is not the true one, although it may not be. *Rabjohn* v. *Ashcraft*, 252 Ark. 565, 480 S.W.2d 138 (1972).

At trial, the parties called fourteen witnesses. While conflicting testimony arose concerning a number of factual issues, we believe there was ample, consistent evidence to support the chancellor's findings. For instance, the parties conceded that the east end of the boundary line was fixed by a corner marker which had been set by the Arkansas Geological Commission. No such corner marker was found on the west end of the line by either the appellant or appellee. Both parties, however, presented evidence that an old East-West road ran between their farms and had been recognized as their common boundary line. At one time, the road and a fence along its north side extended one mile, intersecting the east and west boundary lines of Section 10-12-3. Appellant testified that the road was still used and was relatively straight when he purchased his land in 1951. He said that he had always farmed his land down to the north side of the old road.

Since 1951, changes in the road apparently took place primarily because of weather conditions. Most of the fence north of the road has also disappeared. The evidence reflects that commencing at the west end, the road and fence still remain and are visible for approximately one-quarter mile. Appellee testified that he never had any disagreement with appellant or his predecessors in title regarding the fact that the road divided the two farms. In fact, one witness testified that before selling the subject property to appellant, he and his wife lived on it for thirty years, and they had never farmed north of the old road nor had appellee or his predecessors in title ever farmed south of it. Although there were other witnesses who testified that the old road and fence had long been recognized as the parties' boundary line, we need not detail their testimony. Suffice it to say, we find the evidence sufficient to affirm the trial court's finding that the old road is the boundary line between the two farms.

While we conclude the chancellor fixed the line in accordance with the preponderance of the evidence, he did not sufficiently describe the boundary line in his decree. For example, a portion of the boundary line is no longer visible because a part (about one-half mile) of the fence previously erected north of the road has disappeared. The court's decree, however, makes no reference to how the parties can locate this part of the line even though appellee's wife testified that a discernible ridge now appears where the fence was once located.

Appellant has been permanently enjoined from trespassing north onto appellee's land. Consequently, if the parties cannot agree upon the definite and actual line from the court's decree, appellant would be entitled to have the court appoint a surveyor to locate and establish the line on the land in accordance with the evidence and the decree of the court. *See McDonald* v. *Roberts,* 177 Ark. 781, 9 S.W.2d 80 (1928). In this regard, the court's decree is modified but in all other respects is affirmed.

Affirmed as modified.

CORBIN, J., dissents.