2009 Ark. App. 600

**RIVER VALLEY LAND, INC., Appellant,**

v.

**Glenna HUDSON, Appellee.**

**No. CA 08–854.**

Court of Appeals of Arkansas.

Sept. 23, 2009.

Files & Harris, PLLC, by: Jason D. Files, Little Rock, for appellant/cross-appellee.

James & House, P.A., by: Patrick R. James, Little Rock, for appellee/cross-appellant.

JOHN MAUZY PITTMAN, Judge.

This appeal and cross-appeal present questions concerning the location of the boundary of a leasehold interest, whether a breach of the lease was material, and whether that breach justified termination of the lease. We affirm on both direct appeal and on cross-appeal.

This is a third appeal to this court of a case involving a long-standing family dispute over the use of a fifty-six-acre tract of land in Pulaski County. C.R. Hudson, Sr., and his wife, Julia Ann Hudson, owned this land, which was used for the operation of a marina and for agricultural purposes. In 1973, they gave a ninety-nine-year lease of the property to appellant River Valley Land, Inc. This lease referred to the property as it was represented in an attached map. Their son, C.R. Hudson, Jr., is now River Valley's owner. In 1977, the elder Hudson and his wife were divorced. The divorce court ordered their property sold and the proceeds divided. In the late 1970s, C.R. Hudson, Sr., and his son be-

came estranged and ceased farming together. River Valley and the elder Hudson then became involved in this action, which was filed in 1979 and consolidated with the divorce case, over the validity of River Valley's lease. The lower court held that the lease was valid, and the elder Hudson appealed that decision, along with other issues arising out of the divorce proceeding. We affirmed the holding that the lease was valid in *Hudson v. Hudson*, No. CA83–94, 1984 WL 1875 (Ark.App. May 23, 1984) (*Hudson I* ).

The divorce court set a public sale of the property in dispute and, in 1986, the elder Hudson's second wife, appellee Glenna Hudson, purchased the land at that sale. The commissioner's deed stated that it conveyed to her all of the "right, title, interest or claim, either in law or equity," of J.A. Hudson, C.R. Hudson, Sr., C.R. Hudson, Jr., and River Valley in the property.

Throughout the dispute, River Valley continued to pay rent and operate the marina and the elder Hudson continued to farm the portion of the tract not used by the marina. In later years, the elder Hudson ceased farming and Keith Cook began farming that land as a tenant of appellee. Trouble arose after River Valley obtained a permit from the Army Corps of Engineers to expand the marina and began building a road at the base of the levee on land that appellee claimed had always been used as farmland. Cook and C.R. Hudson, Jr., got into a dispute and guns were drawn. *See Hudson v. Cook*, 82 Ark.App. 246, 105 S.W.3d 821 (2003).

Appellee filed a complaint to intervene in this ongoing action between River Valley and C.R. Hudson, Sr., in 1999, alleging that the commissioner's deed had terminated River Valley's interest in the lease; that River Valley had breached the lease by building the road; and that this breach

was sufficiently material to terminate the lease. A supplement to the complaint was filed in which appellee sought to reform the lease agreement to reflect that it was not in effect on her property. River Valley took the position that the commissioner's deed had purported to convey its leasehold interest in the property in error.

After a trial in June 2000, the court entered an order on July 5, 2000. The court found that the language in the commissioner's deed purporting to convey River Valley's interest in the property was a mistake and reformed it to reflect that the deed is subject to the lease, which the court determined to be valid. River Valley was granted ninety days to restore the land to the condition it was in before the road was built or to seek and receive permission to make the changes on the property. If River Valley believed that permission was unreasonably withheld, it must institute an action to obtain permission for the changes. We dismissed the appeal from that order because it was not a final order. *Cook v. River Valley Land, Inc.*, No. CA00–1428, 2001 WL 1298844 (Ark.App. Oct. 24, 2001) (*Hudson II* ).

Following the dismissal of the appeal in *Hudson II*, appellee sent River Valley a "Notice of Termination of Lease Agreement" in 2006 in which she asserted that River Valley had breached the lease by building a road on the leased property, by violating an order of the court that it either obtain permission for building the road or removing it; by subletting portions of the marina; by failing to keep the leased premises in a neat and presentable condition by having abandoned boats and vehicles on the property; and by failing to maintain liability insurance. River Valley responded by stating that the road issue had been litigated and the court had found the breach not material. It also denied the remaining bases contained in the notice.

On July 31, 2006, appellee filed a "Motion to Terminate Lease Agreement and for Award of Damages" in which she alleged the breaches contained in the above notice and sought damages for River Valley's wrongful holding over on the property. River Valley responded and denied the material allegations. It also filed a motion requesting permission for a road it had built to remain and alleged that appellee was unreasonably withholding her consent.

After a trial held in the summer of 2007, the circuit court took the matter under advisement and entered its order containing extensive findings on December 31, 2007. The court found that River Valley planned to expand its marina by systematically expanding its leasehold. The court discussed the survey performed by John Tweedle and noted that Tweedle attempted to match his survey with known landmarks, but that the survey did not match the parties' apparent intention. The court nevertheless accepted the survey as the boundary of the leasehold. That survey established the boundary line as the middle of the levee road. The court also concluded that River Valley breached the lease by building the road without appellee's permission, but that it was not a material breach. Finally, the court found that appellee unreasonably withheld her consent to the construction of the road. The court also ruled that, except as modified, the July 5, 2000, order remained in full force and effect.

After the parties filed their notices of appeal and cross-appeal, each party filed a motion for attorney's fees, asserting that they were the prevailing party. Following a hearing, the circuit court found that appellee was the prevailing party even though she did not prevail on all of her

claims. The court awarded her $10,200 of her requested fees of $20,400, but stayed the award pending appeal. River Valley timely filed its notice of appeal from the order awarding attorney's fees.

■ For its first point on appeal, River Valley argues that the circuit court's order does not contain a specific description of the boundary of the leasehold interest. The location of a boundary line is a question of fact, and we will affirm a circuit court's finding of fact with regard to the location of a boundary line unless the finding is clearly erroneous. *Robertson v. Lees*, 87 Ark.App. 172, 181, 189 S.W.3d 463, 469 (2004). A finding is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake has been committed. *Id.* We first note that this dispute only concerns the southern boundary of the leasehold.

■ We believe that the circuit court's order contains an adequate description of the boundary so that it may be located solely by reference to the order. *See Rice v. Whiting*, 248 Ark. 592, 452 S.W.2d 842 (1970). The circuit court, in paragraph 79 of its order, adopted the Tweedle survey as the survey of the leasehold. That survey placed the boundary line in the middle of the levee road, as opposed to the north of that road, as shown on the hand-drawn map attached to the original lease. A description is sufficiently definite and certain if it is possible for a surveyor using the description to locate the land and establish the boundaries. *See McDonald v. Roberts*, 177 Ark. 781, 9 S.W.2d 80 (1928).

■ River Valley makes much of the fact that the survey shows the line to be the middle of the road while the map attached to the lease puts the line to the north of the road. That is of no significance because it is a well-settled rule of surveying, recognized by the courts, that lines actually control over maps, plats, or field notes. *Pyburn v. Campbell*, 158 Ark. 321, 250 S.W. 15 (1923); *Price v. Mauch*, 1 Ark.App. 348, 616 S.W.2d 738 (1981). That is especially true where, as here, the map is not drawn to scale and the survey is based on known monuments that are reflected in that map. *See Walter Robillard et al., Clark on Surveying and Boundaries* §§ 21.07, 21.20 (1997); *Blaffer v. State*, 31 S.W.2d 172 (Tex.Civ.App.1930).

■ River Valley's second point is that the circuit court erred in awarding appellee a portion of her attorney's fees because she was not the prevailing party. We cannot agree. Arkansas law authorizes an award of attorney's fees to the prevailing party on a contract claim. *See* Ark.Code Ann. § 16–22–308. The prevailing party is determined by analyzing each cause of action and its subsequent outcome. *CJ Bldg. Corp. v. TRAC–10*, 368 Ark. 654, 249 S.W.3d 793 (2007). Ultimately, the prevailing party is determined by who comes out "on top" at the end of the case. *Id.* (quoting *Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230(2001)). A circuit court is not required to award attorney's fees, and because of the circuit judge's intimate acquaintance with the trial proceedings and the quality of service rendered by the prevailing party's counsel, we usually recognize the superior perspective of the circuit judge in determining whether to award attorney's fees. *Marcum, supra.* The decision to award attorney's fees and the amount of the award are discretionary determinations that will be reversed only if the appellant can demonstrate that the circuit court abused its discretion. *Phelan v. Discover Bank*, 361 Ark. 138, 205 S.W.3d 145 (2005). A circuit court abuses its discretion when it makes a decision that is arbitrary or capricious. *Id.*

When analyzing this case as instructed by the above authorities, appellee sought to terminate River Valley's lease because it had breached the lease. Appellee also sought a declaratory judgment that her ownership of the property was not subject to the lease, and to stop River Valley from expanding its operation by encroaching upon her farming operation. Appellee prevailed in having River Valley enjoined from encroaching and in having a breach declared. Appellee also prevailed in having the court adopt a description of the leasehold. However, appellee was unsuccessful in terminating the lease because the court found that the breach was not material. The court also held that appellee's ownership was subject to the lease. On the other hand, River Valley only sought permission to construct improvements on the road and to have the court find that appellee was unreasonably withholding her consent to the improvements. Under the circumstances, where the trial court found that it was appellant's conscious intent to expand its marina operations by systematically encroaching on appellee's land, we cannot say that the circuit court abused its discretion in finding that appellee was the prevailing party to this action.

■ For her first point on cross-appeal, appellee argues that the circuit court erred in reforming the commissioner's deed to reflect that the deed is subject to River Valley's lease. The circuit court ruled that it appeared that a mistake had been made when the commissioner's deed was prepared to convey River Valley's interest in the subject property. The court noted that there was no legal authority for any interest to be sold except for the marital interests of the divorcing spouses, Charles Hudson, Sr., and Julia Hudson.

The circuit court was correct. Even though the divorce case was consolidated with River Valley's dispute with Charles Hudson, Sr., River Valley was not a party to the divorce action because "[c]onsolidation of cases 'does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *Knowlton v. Ward*, 318 Ark. 867, 879, 889 S.W.2d 721, 728 (1994) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 77 L.Ed. 1331 (1933)). Citing *Hill v. Dillard*, 187 Ark. 486, 60 S.W.2d 572 (1933), appellee argues that, as a matter of law, administrators' or commissioners' deeds may be reformed for only clerical errors or in matters relating to form. However, *Hill* does not answer the question of whether the reformation of the commissioner's deed to reflect that it is subject to River Valley's lease is a matter of substance or a matter of form, for which reformation is available. *Hill* cited the earlier case of *Gates v. Gray*, 85 Ark. 25, 106 S.W. 947 (1907), which held that a commissioner's deed can be reformed to correctly state the names of the parties whose interests are being conveyed by the deed. That is what the circuit court did in the present case: correct the proceedings to show the interests that were properly conveyed to appellee.

■ Appellee's second point on cross-appeal is that the circuit court erred in finding that River Valley's breach of the lease was not material. Whether a contract has been materially breached is a factual, not a legal, issue. *See Continental Carbonic Products, Inc. v. Cohen*, 96 Ark. App. 305, 241 S.W.3d 296 (2006). The essence of her argument is that the building of the road was a material alteration of the property made without her consent. We disagree.

The lease agreement specifically states that the leased property will be used as a marina by River Valley. At the time of

the execution of the lease, no marina was in existence. There was also testimony that the building of this road was along the bed of a preexisting road. Therefore, contrary to appellee's argument, some development of the property was contemplated by the parties. The breach of the lease occurred when River Valley failed to seek appellee's permission prior to expanding and improving the road. As the circuit court commented from the bench in the June 2000 trial, all River Valley did was to bring in some material to expand an existing roadway. Appellee does not dispute that River Valley built its road on an earlier road bed. The court also noted that, even if there had been no road when River Valley started building its road, the court could not find that the breach had a material impact on the value of the land, calling the road building "minimal improvements." We cannot say that these findings were clearly erroneous.

Affirmed on direct appeal; affirmed on cross-appeal.

KINARD and BROWN, JJ., agree.