2011 Ark. App. 720

**Jeffery & Rebecca JENKINS,**
**Appellants**

v.

**DALE E. & BETTY FOGERTY JOINT REVOCABLE TRUST; Dale E. Fogerty, as Trustee and Individually; and Betty Fogerty, as Trustee and Individually, Appellees.**

**No. CA 11–276.**

Court of Appeals of Arkansas.

Nov. 30, 2011.

Clifford Paul Block, Little Rock, for appellant.

Carl Arnold Crow Jr., Hot Springs, for appellee.

JOSEPHINE LINKER HART, Judge.

This is an appeal from a boundary dispute involving an alleged "spite" fence. Following a bench trial, the Garland County Circuit Court dismissed the claims brought by appellants Jeffrey and Rebecca Jenkins and quieted title to the property in appellees Dale E. & Betty Fogerty Revocable Trust (the trust); Dale Fogerty, individually and as trustee; and Betty Fogerty, individually and as trustee. On appeal, appellants argue that the circuit court erred (1) in dismissing their trespass claim and quieting title in the appellees because appellees' survey ignored the legal standards for surveys; (2) in granting appellees' motion, at the close of appellants' case, to dismiss appellants' claim that appellees' newly constructed fence was a nuisance; (3) in ruling that appellants had

voluntarily dismissed their claim that appellees had violated the bill of assurance; and (4) in entering a decree that referenced the survey without [2]attaching a copy of the survey to the decree. Appellees cross-appeal, arguing that the court erred in dismissing their cause of action for quiet title based on boundary by acquiescence and in not awarding appellees their attorney's fees and costs. We hold that appellants made a prima facie case that the fence is a nuisance and reverse and remand that claim for further proceedings. We affirm on appellants' remaining claims and on cross-appeal.

The parties own adjacent properties fronting Lake Hamilton in Garland County, sharing a common boundary line approximately 254 feet long. Appellants purchased their property in October 2003. Appellees purchased their property in March 2009. In July 2009, appellees planted a tree and built birdhouses on a portion of the property claimed by appellants. After appellants complained, appellees removed both the tree and the birdhouses. According to appellants, this complaint made appellees unhappy and led to the construction of the fence by appellees the following week.

On April 15, 2010, appellants sued for negligence in damaging their pump house, nuisance in the erection of the fence in an unsightly manner that obstructed appellants' view of Lake Hamilton, trespass in that the fence was built on appellants' property and that part of the roof covering appellees' home extended across the property line, and violation of the bill of assurance. Appellees answered and counterclaimed seeking to quiet title to their property up to the fence as described in a plat prepared by Wade Spainhour after he had compiled a survey of their property. Alternatively, they pled that they were the owners of the property by virtue of having a boundary by acquiescence. They also sought damages for trespass and their attorney's fees and costs.

[3]At the close of appellants' case, appellees moved to dismiss appellants' complaint. The court granted the motion as to appellants' claims for nuisance and violation of the bill of assurance, but denied the motion on appellants' trespass claim. Appellants nonsuited their negligence claim and the case continued on appellants' trespass claim and on appellees' claim to quiet title. At the close of all the proof, the circuit court dismissed appellees' claims for boundary by acquiescence and damages. The court took under advisement the trespass claim and appellees' quiet-title claim.

In a letter opinion, the court established the boundary line. According to the court, the matter was a battle of surveyors. The court determined that appellees' surveyor Wade Spainhour had greater experience than Shawn Blees, appellants' surveyor. The court gave greater weight and credibility to Spainhour's testimony and, consequently, quieted title in appellees consistent with the Spainhour survey. The court dismissed appellees' claim for boundary by acquiescence. The court ruled that each party was to bear their own attorney's fees and costs. The court's written judgment was entered on December 1, 2010. This appeal and cross-appeal followed.

■■■ We begin with appellants' argument that the circuit court erred in dismissing their nuisance claim. Our standard of review requires that we review the evidence in the light most favorable to the party against whom the dismissal was sought, giving the evidence its highest probative value and taking into account all reasonable inferences deducible from it. *Follett v. Fitzsimmons*, 103 Ark.App. 82, 286 S.W.3d 742 (2008).

We note that, contrary to appellees' stated belief, Arkansas has addressed the is-

sue of [4] whether a fence can be enjoined as a nuisance. In *DeMers v. Graupner*, 186 Ark. 214, 53 S.W.2d 8 (1932), the court reviewed two competing lines of cases. The older, common-law view provided that

an owner of land may erect on his own property any kind of structure he may desire, even though it might have the effect of causing great annoyance to the neighboring owners, and that the motive or intent of the person erecting the structure cannot be inquired into unless the structure can have no benefit or advantage, but is for the avowed or manifest purpose of damaging a neighbor; nor could an owner be prevented, even though the purpose is a malicious one, from erecting a structure which merely prevents the free use of light and air by the adjoining property owner.

186 Ark. at 216, 53 S.W.2d at 9. The second, more modern line of decisions is to the effect that an adjoining landowner may enjoin the erection or maintenance of a structure erected for the purpose of annoying him and making the use of his property less desirable. *Id.* The *DeMers* court concluded that, regardless of the animosity between the neighbors, the construction of the high solid fence was designed at least in part to protect a garden. 186 Ark. at 216–17, 53 S.W.2d at 9.

Here, the evidence presented by appellants, viewed in a light most favorable to them, showed the following: the fence was built some two feet off the ground and the boards extended to approximately nine feet off the ground. Appellees erected the fence shortly after appellants and appellees had a disagreement over the tree and birdhouses appellees placed on appellants' property. Other testimony indicated that the fence blocked part of appellants' view of the lake. Moreover, Jim Watkins, a real estate agent, testified that the fence was unattractive and lowered the value of both properties. Other testimony indicated that the fence was erected with nails protruding to appellants' side of the fence, creating a safety hazard. From [5] this evidence, we hold that appellants made a prima facie case when they presented testimony from which it could be inferred that appellees acted maliciously in erecting the fence. This case is distinguishable from *DeMers* in that the circuit court in the present case granted the motion to dismiss instead of allowing the case to proceed to its conclusion. We reverse the circuit court's dismissal of the nuisance claim and remand for further proceedings.

■ Appellants next argue that the circuit court erred in establishing the boundary line in accordance with the survey conducted by Wade Spainhour, claiming that Spainhour did not follow accepted surveying procedures in the preparation of his survey. They also assert that the survey prepared for them by surveyor Shawn Blees was more accurate than the survey prepared by Spainhour.

■ The location of a boundary line is a question of fact. We affirm a circuit court's finding of the location of a boundary line unless the court's finding is clearly erroneous. *Robertson v. Lees*, 87 Ark. App. 172, 189 S.W.3d 463 (2004). In reviewing a circuit court's findings of fact, we give due deference to the circuit judge's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Id.*

■ Both surveyors testified concerning their professional standards and each opined that they followed those standards. Both surveyors also testified at length to the particular methods they used in performing their respective surveys and to the monuments and markers they found and relied on in compiling their measurements. The circuit court specifically stated that it was giving more weight and credibility to the Spainhour survey be-

cause of Spainhour's greater experience. The credibility of a surveyor is a question for the fact-finder. *See Rice v. Welch Motor Co.,* 95 Ark.App. 100, 234 S.W.3d 327 (2006); *Killian v. Hill,* 32 Ark.App. 25, 795 S.W.2d 369 (1990); *see also Ward v. Adams,* 66 Ark.App. 208, 989 S.W.2d 550 (1999) (deferring to the trial court on the comparison and credibility of surveys). The court was presented with competing surveys prepared by the respective surveyors. Each surveyor's testimony sought to establish the validity and correctness of his survey, and that his survey was superior to that of the other surveyor. Neither survey was compiled without the respective surveyor having made measurements based on the facts as perceived by him when viewed in the perspective of his professional judgment.

On appellate review, where there are two differing views of the evidence, we do not reverse the fact-finder's determination unless clearly erroneous. *Rymor Builders, Inc. v. Tanglewood Plumbing Co.,* 100 Ark.App. 141, 265 S.W.3d 151 (2007). Even though the two surveys established the boundary lines in different locations, albeit in close proximity, we cannot say that the circuit court was clearly erroneous in deciding the boundary based on the Spainhour survey.

For their next point, appellants argue that the circuit court erred in dismissing their cause of action for violation of the bill of assurance. We do not address this issue because it was not fully developed below. The abstract shows that appellant Jeffery Jenkins testified that he was more concerned with the court finding that *he* was in violation of the bill of assurance than appellees being in violation. In their brief to this court, appellants' argument includes only the statement of Jeffery Jenkins that he was not withdrawing the bill-of-assurance claim and the circuit court's ruling dismissing their claim. There was no explanation as to how appellees were violating the bill of assurance or the relief appellants were seeking on that claim. Because this issue was not fully developed below, it is not preserved for appellate review. *Omni Holding & Dev. Corp. v. 3D.S.A., Inc.,* 356 Ark. 440, 156 S.W.3d 228 (2004).

Finally, appellants argue that the circuit court erred in entering a decree quieting title in appellees that contained a legal description that referenced the plat and the Spainhour survey. In its order, the circuit court set out the description of appellees' property as

Lot 9 Block 1 of Amended Plat Unit No. 1 of Lakeview Heights Section of Shore Acres, according to Bill of Assurance and Plat recorded in Book 473 at Page 595 and Amended in Book 481 at Page 624 of the Deed and Mortgage Records of Garland County, Arkansas; as more particularly described in a survey by Wade Spainhour, RPLS, dated July 12, 2009, a copy of which is annexed hereto as Exhibit A.

A circuit court's decree must describe the boundary line between disputing land owners with sufficient specificity that it may be identified solely by reference to the decree. *Petrus v. Nature Conservancy,* 330 Ark. 722, 957 S.W.2d 688 (1997). In *Petrus,* the appeal was dismissed because the decree contemplated a future survey to provide a description, and it was, therefore, not a final order.

To the extent that appellants argue that the circuit court erred simply because it did not physically attach a copy of the decree, we note that the circuit court's judgment contained a legal description. To the extent that appellants are arguing that a metes-and-bounds description is required, we disagree. Descriptions by lots and blocks in subdivision plats

are a recognized means of describing real property. *See, e.g.,* Ark.Code Ann. § 14–17–208 (Supp.2011); *City of Sherwood v. Cook,* 315 Ark. 115, 865 S.W.2d 293 (1993). A description is sufficiently definite and certain if it is possible for a surveyor using the description to locate ₈the land and establish the boundaries. *See McDonald v. Roberts,* 177 Ark. 781, 9 S.W.2d 80 (1928); *River Valley Land, Inc. v. Hudson,* 2009 Ark. App. 600, 347 S.W.3d 40. The Spainhour survey that is part of the record sufficiently identified the parties' respective properties so that each party was capable of knowing where their boundary lies. We affirm on this point.

On cross-appeal, appellees first argue that the circuit court erred in dismissing as moot their counterclaim seeking to establish a boundary by acquiescence. We need not address this point because we affirm the location of the boundary according to the Spainhour survey, and this point is moot.

Appellees' second point on cross-appeal is that the circuit court erred in failing to award them attorney's fees. A circuit court is not required to award attorney's fees and, because of the circuit judge's intimate acquaintance with the trial proceedings and the quality of service rendered by the prevailing party's counsel, appellate courts usually recognize the superior perspective of the circuit judge in determining whether to award attorney's fees. *Jones v. Abraham,* 341 Ark. 66, 15 S.W.3d 310 (2000); *Chrisco v. Sun Indus., Inc.,* 304 Ark. 227, 800 S.W.2d 717 (1990). The decision to award attorney's fees and the amount to award are discretionary determinations that will be reversed only if the appellant can demonstrate that the circuit court abused its discretion. *Nelson v. River Valley Bank & Trust,* 334 Ark. 172, 971 S.W.2d 777 (1998); *Burns v. Burns,* 312 Ark. 61, 847 S.W.2d 23 (1993);

*Chrisco,* 304 Ark. at 230, 800 S.W.2d at 719.

The general rule in Arkansas is that attorney's fees are not awarded unless expressly provided for by statute or rule. *Millwood–RAB Mktg., Inc. v. Blackburn,* 95 Ark.App. 253, 236 ₉S.W.3d 551 (2006). Arkansas Rule of Civil Procedure 54(e)(1) requires that claims for attorney's fees be made by motion filed within fourteen days following entry of judgment. The rule also requires that the motion state the amount sought and specify the authority for such an award. However, appellees did not file a motion seeking attorney's fees. Nor was there an affidavit or other information before the circuit court indicating the number of hours counsel spent on the case. Appellees failed to bring up a record sufficient to demonstrate that the circuit court was in error on this point, *Young v. Young,* 316 Ark. 456, 872 S.W.2d 856 (1994), and, therefore, we affirm on this point.

Affirmed in part, and reversed and remanded in part on direct appeal; affirmed on cross-appeal.

VAUGHT, C.J., WYNNE, and GLOVER, JJ., agree.

GRUBER and BROWN, JJ., dissent in part.

WAYMOND M. BROWN, Judge, dissenting in part.

I respectfully dissent from that part of the majority's opinion that reverses and remands appellants' claim that the fence erected by appellees is a nuisance. I believe that appellants failed to meet their burden of proving that the fence was a nuisance.

The definition for spite fences found in a leading treatise states:

[A spite fence is] a structure of no beneficial use to the erecting owner or occupant of the premises, but erected or maintained by him solely for the purpose of annoying the owner or occupier of the adjoining property....

. . .

When the fence serves a useful purpose, there is general agreement that the motive for erecting a fence or similar structure is immaterial, even where injury is caused to a neighbor by cutting off his light and air and obstructing his view.... [1]

In the sole Arkansas case on a spite fence, the Arkansas Supreme Court noted that the common law rule is that an owner of property may erect on his property any type of structure desired, provided neither statute nor express agreement prohibits the structure.[2] In that case, the court held that a fence, which was seven to eight feet in height, was not a nuisance where the fence was not built for the sole purpose of annoying the adjoining landowner, but to preserve and protect the defendant landowner's property from trespassers and vandals. The court also noted the fence was not of an unusual height considering the purpose for which it was intended, despite the fact that the fence somewhat obscured the adjoining landowner's view and was not as attractive as a pre-existing ornamental iron fence.[3]

In order to establish their claim, appellants relied on the testimony of realtor Jim Watkins that the wooden fence was not very attractive. Watkins said that the pickets were raised as if to make the fence provide more privacy. He said that the fact that the fence was unusually tall and extended all the way to the lake, blocking part of the view from appellants' property, would hurt the value of both parties' properties. Jeff Jenkins testified that the fence was unsightly with nails protruding and called it a safety hazard. As for the purpose of the fence, Watkins called it a "privacy" fence. There was no other testimony concerning the purpose of the fence.

Even viewing the evidence in the light most favorable to appellants, as we must, I cannot say that a prima facie case of nuisance was met. Here, the majority cannot restrain itself from acting as the trier of fact. It goes into great detail to describe the fence, which it has never seen. All of this is irrelevant to deciding the case. The circuit judge found a beneficial purpose for the fence. Once the circuit court determines that the fence serves some beneficial purpose, other than to spite appellants, the inquiry is over.

I am authorized to state that Judge GRUBER joins in this dissent.

---

1. 9 Powell on Real Property, § 62.05 (Wolf ed.2000).

2. *DeMers v. Graupner,* 186 Ark. 214, 216, 53 S.W.2d 8, 9 (1932).

3. 186 Ark. at 217, 53 S.W.2d at 9.