Cite as 2023 Ark. App. 506

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-22-213

| | |
|---|---|
| FORREST HARRISON AND SHELBY HARRISON, HUSBAND AND WIFE<br><br>APPELLANTS<br><br>V.<br><br>LARRIE STOLFI AND CAROL A. STOLFI<br><br>APPELLEES | **Opinion Delivered** November 8, 2023<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-21-267]<br><br>HONORABLE BETH BRYAN, JUDGE<br><br>AFFIRMED |

**BRANDON J. HARRISON, Chief Judge**

This is a dispute over a 0.47-acre corner of a forty-six-acre parcel that was orphaned from the rest in the early 1950s when Washington County curved a ninety-degree jog in Harmon Road. We call it the "triangle." Imagine a right triangle perpendicular on the north and west sides, connected by the road. The Harrisons (no relation) bought it in September 2020 for better access to five acres that join the west side.

The Stolfis' property joins the north side. When the county curved Harmon Road, it built a driveway across the triangle to a home where the Stolfis now live, which the Harrisons concede is at least a prescriptive easement now. Who owned the rest of the triangle became an issue after Carol Stolfi refused Forrest Harrison's request to share the driveway. The Harrisons bought a deed from the Sellers family, and the Stolfis sued to quiet title by adverse possession or boundary by acquiescence along Harmon Road. The circuit

court found for the Stolfis on both theories after a bench trial. The Harrisons timely appealed.

The location of a boundary line is a question of fact. *Clark v. Casebier*, 92 Ark. App. 472, 476–77, 215 S.W.3d 684, 686 (2005). Although equity cases are reviewed de novo on appeal, we will affirm a trial court's finding about the location of a boundary line unless it is clearly erroneous. *Id.* at 477, 215 S.W.3d at 686.

The Stolfis presented evidence that for decades, they and their predecessors had done a number of things an owner of the triangle might do. At some point, they had some fill dirt brought in to help with drainage. They picked up litter. But the heart of the Stolfis' claim, as we decide the appeal, was evidence that they and their predecessors had mowed the triangle as part of their lawn since the 1950s without objection from the Harrisons' predecessors, who made no use of it in that time.

This was not enough to establish adverse possession, the Harrisons argue, in part because mowing does not indicate the required intent to hold adversely to the true owner. *See, e.g., Utley v. Ruff*, 255 Ark. 824, 502 S.W.2d 629 (1973); *Boyd v. Roberts*, 98 Ark. App. 385, 391, 255 S.W.3d 895, 899 (2007). Maybe not. But the circuit court's boundary-by-acquiescence finding gives the Stolfis the same relief, and it does not depend on adversity. *Morton v. Hall*, 239 Ark. 1094, 1099, 396 S.W.2d 830, 833 (1965). Acquiescence does not require possession or occupation of the claimed property either, and it "may arise 'without the necessity of adverse use to the line.'" *Myers v. Yingling*, 372 Ark. 523, 530, 279 S.W.3d 83, 89 (2008) (quoting *Rabjohn v. Ashcraft*, 252 Ark. 565, 570, 480 S.W.2d 138, 141 (1972)).

A boundary by acquiescence arises from conduct of adjoining landowners over many years that implies an agreement to treat some visible marker as their boundary, wherever the true boundary might be. *Myers*, 372 Ark. at 527, 279 S.W.3d at 87. We look for the *appearance* of agreement about the boundary—a "quietude and acquiescence for so many years that the law will presume" one—not actual agreement. *Morton*, 239 Ark. at 1099, 396 S.W.2d at 833 (quoting *Gregory v. Jones*, 212 Ark. 443, 445, 206 S.W.2d 18, 19 (1947)). The boundary is usually represented by "a fence, a turnrow, a lane, a ditch, or some other monument tacitly accepted as visible evidence of a dividing line." *Clark*, 92 Ark. App. at 478, 215 S.W.3d at 688.

And a road can mark a boundary by acquiescence when property on one side is consistently maintained by a neighbor—and neglected by the owner—for the required time. *Hodges v. Gravel Hill Cemetery Comm.*, 2016 Ark. App. 360, at 13, 498 S.W.3d 746, 754; *Walker v. Walker*, 8 Ark. App. 297, 299, 651 S.W.2d 116, 118 (1983). In *Walker*, we affirmed a boundary along an old road where, in thirty years, the record owner's predecessor had never farmed north of it, and the claimant had never farmed south of it. 8 Ark. App. at 299, 651 S.W.2d at 118.

Here, the Sellers family has fenced the rest of the forty-six-acre parent parcel (among holdings of about 325 acres) on the other side of Harmon Road. No one has fenced the triangle. Bill Sellers has driven past it for decades. But if any of the Harrisons' predecessors set foot on it after the county curved the road, no one told the circuit court. We have no evidence about dealings between the neighbors then. Both properties have changed hands

3

more than once since. Against that silence, sixty years of mowing on one side of the road was enough to establish that the neighbors tacitly accepted it as their boundary.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Hearthstone Law, PLLC*, by: *Kevin J. Wallace*, for appellants.

*Taylor Law Partners, LLP*, by: *Stevan E. Vowell*, for appellees.